UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HACHETTE BOOK GROUP, INC.,
HARPERCOLLINS PUBLISHERS LLC, JOHN
WILEY & SONS, INC., and PENGUIN
RANDOM HOUSE LLC,

            Plaintiffs,

    -against-

INTERNET ARCHIVE and DOES 1 through 5,
inclusive,

          Defendants.

Case No. 1:20-cv-04160-JGK-OTW

## **DEFENDANT INTERNET ARCHIVE'S NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

Notice is hereby given that Defendant Internet Archive appeals to the United States Court

of Appeals for the Second Circuit from the August 11, 2023 Judgment and Permanent Injunction

(Dkt. No. 215); the March 24, 2023 Opinion and Order Granting Plaintiffs' Motion for Summary

Judgment and Denying Defendant's Motion for Summary Judgment (Dkt. No. 188); and from any

and all orders, rulings, findings, and/or conclusions adverse to Defendant Internet Archive.  True

and correct copies of Dkt. Nos. 215 and 188 are attached hereto as Exhibits 1-2.

Dated:  September 11, 2023                 Respectfully submitted,
        San Francisco, CA
                                           MORRISON & FOERSTER LLP

                                           By:  /s/ Joseph C. Gratz
                                                Joseph C. Gratz (*Pro Hac Vice*)
ELECTRONIC FRONTIER                             Annie A. Lee (*Pro Hac Vice*)
FOUNDATION                                      425 Market Street
                                                San Francisco, CA 94105
Corynne McSherry (*Pro Hac Vice*)               Telephone: (415) 268-7000
Kit Walsh (*Pro Hac Vice*)                      Fax: (415) 268-7522
Cara Gagliano (*Pro Hac Vice*)                  JGratz@mofo.com
815 Eddy Street                                 AnnieLee@mofo.com
San Francisco, CA 94109
Telephone: (415) 436-9333                       Aditya V. Kamdar (*Pro Hac Vice*)
Fax: (415) 436-9993                             2100 L Street NW, Suite 900
corynne@eff.org                                 Washington, DC 20037
kit@eff.org                                     Telephone: (202) 887-1500
cara@eff.org                                    Fax: (202) 887-0763
                                                AKamdar@mofo.com

            *Counsel for Defendant Internet Archive*

# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
HACHETTE BOOK GROUP, INC.,
HARPERCOLLINS PUBLISHERS LLC, JOHN WILEY  :
SONS, INC., and PENGUIN RANDOM HOUSE LLC,
                                                                           :     Case No. 1:20-cv-04160-JGK
                          Plaintiffs,
                                                                           :
-against-
                                                                           :
INTERNET ARCHIVE and DOES 1 through 5,
inclusive,                                                             :

                          Defendants.                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

2e/C

[PROPOSED] CONSENT JUDGMENT AND PERMANENT INJUNCTION SUBJECT
TO RESERVATION OF RIGHT OF APPEAL

WHEREAS, on June 1, 2020, Hachette Book Group, Inc., HarperCollins Publishers LLC,
John Wiley & Sons, Inc., and Penguin Random House LLC (the "Plaintiffs") commenced this
action (the "Action") against Internet Archive alleging copyright infringement of literary works,
namely unauthorized creation of ebooks from print copies of books and public display,
distribution, and performance of the ebooks through www.archive.org and/or
www.openlibrary.org; and

WHEREAS, on March 24, 2023, the Court issued an "Opinion and Order" in the Action
(ECF No. 188) ("Opinion and Order") granting the Plaintiffs' motion for summary judgment and
holding the Internet Archive liable for copyright infringement of the Plaintiffs' works in suit;

WHEREAS, prior to the entry hereof, the Internet Archive has worked in active concert
and participation with the Open Library of Richmond, the owner of physical books scanned and
made available to the public by the Internet Archive on its website under its "Books to Borrow"
collection;

WHEREAS, in the interest of efficiency and judicial economy, Plaintiffs and Internet
Archive (the "Parties") have agreed to a stipulated monetary judgment payment in the Action
under and subject to the terms set forth in a separate confidential agreement ("Monetary
Judgment Payment"), expressly conditioned upon the Internet Archive's reservation of its right
to appeal the finding of liability for copyright infringement set forth in the Opinion and Order
and as incorporated into any final judgment; and

WHEREAS, in the interest of efficiency and judicial economy, Plaintiffs and the Internet
Archive stipulate to the declaratory relief and terms of a permanent injunction set forth below
expressly conditioned upon Internet Archive's reservation of its right to appeal the finding of

liability for copyright infringement set forth in the Opinion and Order and as incorporated into any final judgment and its right to appeal the Permanent Injunction on the ground that the Internet Archive should not have been held liable for copyright infringement and as further described below.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

A. This Court has subject matter jurisdiction over this action, which arises under the Copyright Act of 1976, 17 U.S.C. §§101 et seq, pursuant to 28 U.S.C. §§ 1331 and 1338.

B. Judgment is entered for Plaintiffs and against Defendant on Plaintiffs' claims against Defendant for copyright infringement under 17 U.S.C. §501.

C. The activities of the Internet Archive in engaging in "controlled digital lending" of the 127 Works in Suit as further described in the Opinion and Order constitute copyright infringement;

D. The activities of the Internet Archive in engaging in the "National Emergency Library" in connection with the 127 Works in Suit as further described in the Opinion and Order constitute copyright infringement; and

E. The Court hereby enters the following permanent injunction (the "Permanent Injunction"):

1. "Covered Book" shall mean any in-copyright book or portion thereof, whether in existence as of the date hereof or later created, in which any Plaintiff (or any subsidiary or corporate affiliate of a Plaintiff) (a) owns or controls an exclusive right under the Copyright Act and makes the title commercially available for sale or license [in any format OR in any electronic text format]; and (b) has provided notice to the Internet Archive regarding such title by sending the Internet Archive a machine readable catalog in a standardized form identifying such commercially available titles (including any updates thereto in the Plaintiffs' discretion), or other similar form of notification, once 14 days have elapsed since the receipt of such notice. A "Covered Book" includes all in-copyright editions of such title.

2. Subject to the terms of Paragraphs 4, 5 and 6 below, the Internet Archive, its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with such persons (collectively, the "Internet Archive Parties" and each individually an "Internet Archive Party"), are permanently enjoined and restrained from engaging in any of the following acts in, from or to the United States:

a) the distribution to the public, public display, and/or public performance, of Covered Books in, from or to the United States in

any digital or electronic form, including without limitation on the Internet Archive website (collectively "Unauthorized Distribution");

b) the reproduction of Covered Books for Unauthorized Distribution;

c) the creation of derivative works of the Covered Books for Unauthorized Distribution;

d) inducing, or knowingly and materially contributing to, any individual or entity's infringing reproduction, public distribution, public display and/or public performance of Covered Books in any digital or electronic form, as those terms are used in the law of contributory copyright infringement applied by the Second Circuit; and/or

e) profiting from another individual or entity's infringing reproduction, public distribution, public display and/or public performance of Covered Books in any digital or electronic form while declining to exercise a right to stop or limit it, as those terms are used in the law of vicarious copyright infringement applied by the Second Circuit.

3. This Permanent Injunction is effective immediately and shall not be stayed pending appeal of the Opinion and Order.  Internet Archive shall provide a copy of this Permanent Injunction to each of its officers, agents, servants, employees, and attorneys.  Internet Archive shall also provide a copy of this Permanent Injunction to Open Library of Richmond, libraries whose print books have been counted by Internet Archive toward its maximum lendable digital copies on Internet Archive's website, and all persons in active concert or participation with Internet Archive or its officers, agents, servants, employees, or attorneys in connection with the Covered Books.

4. The Internet Archive Parties shall not be in violation of the terms of Paragraph 2 with respect to:

a) Any uses to which exceptions and limitations set forth in 17 U.S.C. § 108, and §§ 110-122 are properly applicable (with Plaintiffs reserving all rights to contest such applicability);

b) An Internet Archive Party's use of any Covered Book for which such party obtains express written authorization for that use from a party that owns or controls the applicable rights to such Covered Book, provided such authorization is in force and valid at the time of such party's use of the Covered Book;

c) An Internet Archive Party's use of Covered Books for the purpose of accessibility for "eligible persons," as that term is defined in 17

U.S.C. § 121(d)(3), provided that such use meets the statutory conditions of 17 U.S.C §§ 121 or 121A, or is consistent with fair use, for example as set forth in *Authors Guild v. Hathitrust*, 755 F.3d 87 (2d Cir. 2014); or

d) Notwithstanding the foregoing definition of a Covered Book as including a portion thereof, an Internet Archive Party's use of Covered Books for the purpose of distribution, public display, or public performance of short portions of a Covered Book, provided that such use is consistent with fair use, for example as set forth in *Authors Guild v. Google, Inc.*, 804 F.2d 202 (2d Cir. 2015) and *Andy Warhol Foundation v. Goldsmith*, 143 S. Ct. 1258 (2023).

5. By way of clarification:

a) nothing herein constitutes a grant to the Internet Archive Parties or any other person of a license, right, permission, consent, or authorization with respect to any copyrighted works, whether any Covered Books or otherwise;

b) nothing herein means that acts outside the scope of the specific prohibitions in Paragraph 2 are non-infringing or excused under any of the exceptions or limitations set forth in the United States Copyright Act or that Plaintiffs waive any claims regarding such acts; and

c) nothing herein impacts any right of Plaintiffs to seek to recover damages under 17 U.S.C. § 504, or costs, including attorneys' fees, under 17 U.S.C. § 505.

6. By way of further clarification and without modifying Paragraph 2(d) or 2(e) of this Permanent Injunction, nothing herein (i) limits any Internet Archive Party's ability to assert that it is not liable for monetary relief, or injunctive or other equitable relief, with respect to any infringement of copyright that arises from acts described in 17 U.S.C. § 512(a)-(e) ("Section 512"), or (ii) enjoins any act which qualifies for a limitation on remedies under Section 512.

7. Nothing herein limits the Internet Archive's right to appeal the finding of liability for copyright infringement as addressed in the Opinion and Order and as incorporated into any final judgment.

8. Nothing herein limits the Internet Archive's right to appeal this Permanent Injunction on the ground that Internet Archive should not have been held liable for copyright infringement. Further, nothing herein limits any Party from appealing the Court's resolution of the Parties' dispute concerning whether the definition of Covered Book in Paragraph E(1) of this Consent

Judgment pertains to books "in any format" or only "in any electronic text format."

9.    Internet Archive shall provide a sworn declaration of compliance with this Court's Permanent Injunction within 30 days of its issuance.

10.    During the first 60 days following the entry of this Permanent Injunction, in the event that any Plaintiff believes that any enjoined party is not in compliance with this Permanent Injunction and wishes to seek appropriate relief from the Court, such Plaintiff shall first provide notice to the Internet Archive Party of its intent to file for relief 7 days prior to such filing, except in instances in which the Covered Book was initially published within five years preceding such notice. Such notice to the Internet Archive Party does not need to identify individual Covered Books. This provision has no effect after the expiration of the 60 day period.

11.    This Court shall retain exclusive and continuing jurisdiction over the parties and over the subject matter of this Action for purposes of interpreting, implementing, and enforcing the Permanent Injunction.

12.    Pursuant to the Opinion and Order, the Clerk of the Court shall enter judgment for Plaintiffs. The Clerk of the Court is directed to close this case.

APPROVED AND ORDERED THIS 11th day of August, 2023

John G. Koeltl, U.S.D.J.

# Exhibit 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

————————————————————————

**HACHETTE BOOK GROUP, INC.,**
**ET AL.,**                                                        **20-cv-4160 (JGK)**

                    **Plaintiffs,**                   <u>**OPINION & ORDER**</u>

       **- against -**

**INTERNET ARCHIVE, ET AL.,**

                    **Defendants.**

————————————————————————

**JOHN G. KOELTL, District Judge:**

The plaintiffs in this action, four book publishers, allege that the defendant, an organization whose professed mission is to provide universal access to all knowledge, infringed the plaintiffs' copyrights in 127 books (the "Works in Suit") by scanning print copies of the Works in Suit and lending the digital copies to users of the defendant's website without the plaintiffs' permission. The defendant contends that it is not liable for copyright infringement because it makes fair use of the Works in Suit. <u>See</u> 17 U.S.C. § 107. The parties now cross-move for summary judgment. For the following reasons, the plaintiffs' motion for summary judgment is **granted**, and the defendant's motion for summary judgment is **denied**.[1]

_____

[1] The Complaint also names five John Doe defendants. ECF No. 1 ("Compl."), ¶ 27. The cross-motions for summary judgment concern only Internet Archive, the named defendant.

**I.**

**A.**

The following facts are undisputed unless otherwise noted.

The plaintiffs -- Hachette Book Group, Inc. ("Hachette"), HarperCollins Publishers LLC ("HarperCollins"), John Wiley & Sons., Inc. ("Wiley"), and Penguin Random House LLC ("Penguin") (together, the "Publishers") -- are four of the leading book publishers in the United States. Pls.' 56.1, ECF No. 113, ¶ 1. They obtain from authors the exclusive rights to publish books in print and digital formats, including electronic copies of books, or "ebooks." Id. ¶¶ 63-68. Publishers and authors generally are paid for sales of each format in which a book is published. Id. ¶ 65.

The defendant, Internet Archive ("IA"), is a non-profit organization dedicated to providing "universal access to all knowledge." Def.'s 56.1, ECF No. 98, ¶¶ 1-2. Brewster Kahle, IA's Chairman, founded the organization in 1996. Pls.' 56.1 ¶ 216. One of IA's first projects was to document the history of the Internet by archiving every public webpage on the World Wide Web through IA's "Wayback Machine." Def.'s 56.1 ¶ 5. IA also works with libraries, museums, universities, and the public to preserve and offer free online access to texts, audio, moving images, software, and other cultural artifacts. Id. ¶ 6.

2

This dispute concerns the way libraries lend ebooks. Public and academic libraries in the United States spend billions of dollars each year obtaining print books and ebooks for their patrons to borrow for free. Pls.' 56.1 ¶ 113. Libraries usually buy their print books from publishers or wholesalers. Id. ¶ 114. Copies of ebooks, however, are typically not bought but licensed to libraries from publishers through distributors called "aggregators." Id. ¶ 117. The Publishers task aggregators with ensuring that a library lends its ebooks only to the library's members. Id. ¶¶ 123, 125. The Publishers also require aggregators to employ approved "digital rights management" ("DRM") software and other security measures to prevent unauthorized copying or distribution of ebook files. Id. ¶ 126. Demand for library ebooks has increased over the past decade. In 2012, OverDrive, the largest aggregator, processed 70 million digital checkouts of ebooks and audiobooks; by 2020, that number had risen to 430 million. Id. ¶¶ 119, 164.

The Publishers use several licensing models to profit from the distribution of ebooks to libraries. Id. ¶¶ 120, 122. All four Publishers offer a "one-copy, one-user" model: Libraries pay a single fee for an ebook and patrons check out a copy of that ebook successively, subject to community-based and DRM restrictions. Id. ¶ 127. Each Publisher offers academic libraries

3

a perpetual term under this model, and Wiley grants perpetual one-copy, one-user licenses to academic and public libraries alike. Id. ¶¶ 130-132. Hachette and Penguin limit their one-copy, one-user licenses for public libraries to one- or two-year terms, during which there is no limit on the number of times an ebook can be read and after which a library must purchase a new license. Id. ¶¶ 134, 147. HarperCollins uses a "26-Circ Model," which allows libraries to circulate an ebook twenty-six times, over any time period, before the license expires. Id. ¶¶ 135-140. HarperCollins and Penguin also use a Pay-Per-Use model -- a one-time circulation to a single patron at a significantly reduced fee -- and Wiley has experimented with various subscription models. Id. ¶¶ 141-146, 155, 191. The Publishers' library expert testified, and IA does not dispute, that this "thriving ebook licensing market for libraries" has "increased in recent years" and "is predicated on licensing revenues that are paid by libraries to entities like OverDrive." Id. ¶ 168. For example, library ebook licenses generate around $59 million per year for Penguin. Id. ¶ 170. Between 2015 and 2020, HarperCollins earned $46.91 million from the American library ebook market. Id. ¶ 172.

IA offers readers a different way to read ebooks online for free. Over the past decade, IA has scanned millions of print books and made the resulting ebooks publicly available on its

4

archive.org and openlibrary.org websites (together, the "Website"). Id. ¶¶ 7, 236; Def.'s 56.1 ¶ 12. IA's basic modus operandi is to acquire print books directly or indirectly, digitally scan them, and distribute the digital copies while retaining the print copies in storage. The Open Library of Richmond (the "Open Library"), another non-profit organization run by Brewster Kahle, buys or accepts donations of print books, primarily from Better World Books ("BWB"), a for-profit used bookstore affiliated with IA and the Open Library. Pls.' 56.1 ¶¶ 313-314, 317, 322, 338. The Open Library then sends the books to IA scanning centers, where operators turn and photograph each page using a book-digitization device called a "Scribe." Id. ¶¶ 281-283. After scanning, the print books are stored in double-stacked shipping containers and are not circulated. Id. ¶¶ 310-312; Def.'s 56.1 ¶ 23.

IA's Website includes millions of public domain ebooks that users can download for free and read without restrictions. Def.'s 56.1 ¶¶ 158, 160. Relevant to this action, however, the Website also includes 3.6 million books protected by valid copyrights, including 33,000 of the Publishers' titles and all of the Works in Suit. Pls.' 56.1 ¶¶ 14, 240; Def.'s 56.1 ¶ 160. The Publishers did not authorize IA to create digital copies of the Works in

Suit or to distribute those unauthorized ebook editions on IA's Website. Pls.' 56.1 ¶ 243.

IA does not make its ebook copies of copyright-protected works available for mass download. Instead, it professes to perform the traditional function of a library by lending only limited numbers of these works at a time through "Controlled Digital Lending," or "CDL." Def.'s 56.1 ¶ 11. CDL's central tenet, according to a September 2018 Statement and White Paper by a group of librarians, is that an entity that owns a physical book can scan that book and "circulate [the] digitized title in place of [the] physical one in a controlled manner." Pls.' 56.1 ¶ 436. CDL's most critical component is a one-to-one "owned to loaned ratio." Id. Thus, a library or organization that practices CDL will seek to "only loan simultaneously the number of copies that it has legitimately acquired." Id. "For example, if a library owns three copies of a title and digitizes one copy, it may use CDL to circulate one digital copy and two print, or three digital copies, or two digital copies and one print; in all cases, it could only circulate the same number of copies that it owned before digitization." Id. According to IA, CDL is especially helpful for patrons who live far from a brick-and-mortar library, patrons seeking a book not available from their local library, patrons with disabilities that make it difficult

6

to hold or read print books, and patrons who want brief or spontaneous access to books and for whom it would not be worth a trip to a brick-and-mortar library. Def.'s 56.1 ¶¶ 55-56.

Under IA's implementation of CDL, two factors determine the number of digital copies of a book that can be borrowed at any time from IA's Website. Id. ¶ 50. First, IA makes available one digital copy for each non-circulating print book it keeps in storage. Id. ¶ 51. Second, IA partners with libraries to "contribute" the number of their print copies of the book toward the number of lendable copies on IA's Website. Id. ¶ 52. Even if a partner library has multiple copies of a book, IA counts only one additional copy per library. Id. For example, if IA owns one non-circulating print copy of Laura Ingalls Wilder's Little House on the Prairie (1932), and three partner libraries each contribute a copy of the book, IA would lend its digital copy of Little House on the Prairie to up to four patrons at a time. Id. ¶ 53.[2]

---

[2] IA, which also has scanning agreements with libraries, will only lend ebooks scanned from print copies owned by IA or the Open Library. Pls.' 56.1 ¶¶ 293-294; Def.'s 56.1 ¶ 36. IA's policy is also not to lend books published within the previous five years, as a "belt-and-suspenders accommodation to publishers." Def.'s 56.1 ¶¶ 37-38. As a result of "human error," however, two Works in Suit published in 2019 were made available for digital lending. Id. ¶ 49. Soon after IA realized the error, the titles were removed. Id.

Around 2018, IA began expanding significantly its lending capacity of copyright-protected works through the "Open Libraries" project. Pls.' 56.1 ¶ 355. Libraries now can "pool[] their physical collections" with IA "in order to make more lendable copies of digital books available to their users and the world." Id. ¶ 363. To participate, a Partner Library sends its catalogue to IA to run an "overlap analysis" that compares ISBN numbers for the Partner Library's physical holdings with IA's digital holdings. Id. ¶ 365. Whenever a book in the Partner Library's catalogue matches an ebook on IA's Website, IA increases by one the number of concurrent checkouts of that book allowed on the Website. Id. ¶ 367. As of late 2021, 62 Partner Libraries, including 13 public libraries, had contributed books through IA's overlap analysis. Id. ¶ 392. IA encourages Partner Libraries to populate their websites with links to IA's Website. Id. ¶¶ 393-396.

Anyone can become a patron of IA, and borrow up to ten ebooks at a time for up to fourteen days each, by submitting a valid email address. Def.'s 56.1 ¶¶ 25-26. IA never charges patrons fees for any service, including borrowing books. Id. ¶ 25. The Website has titles in popular categories, including Romance, Thrillers, "Books we Love," and "Trending Books." Pls.' 56.1 ¶¶ 514-516. Patrons can read books they have checked out on

8

IA's BookReader web browser platform, or they can download a "High Quality" encrypted PDF or ePub version of the ebook.[3] Id. ¶¶ 207-209, 277; Def.'s 56.1 ¶¶ 32, 34. IA secures its downloadable versions with software that prevents the patron from copying, accessing, or distributing the book after the loan period. Def.'s 56.1 ¶ 34. The BookReader application also has a "Read Aloud" feature that converts the text to audio and plays it aloud. Pls.' 56.1 ¶ 276. After a book is checked out, a "Purchase at Better World Books" button appears at the top of the browser window. Id. ¶ 346. This button links to BWB's website, where patrons can buy a used print copy of the book. Id. ¶ 347. BWB pays IA whenever someone buys a book after using the "Purchase at Better World Books" link. Id. IA's Website also includes a link to "Donate" to IA. Id. ¶ 348.

In March 2020, the Covid-19 pandemic closed libraries nationwide and, by IA's estimation, took 650 million print books out of circulation. Def.'s 56.1 ¶ 70. Judging itself "uniquely positioned to be able to address this problem quickly and efficiently," on March 24, 2020, IA launched what it called the National Emergency Library ("NEL"), intending it to "run through

_____

[3] PDF and ePub are file formats.

9

June 30, 2020, or the end of the US national emergency, whichever is later." Id. ¶¶ 72, 74. During the NEL, IA lifted the technical controls enforcing its one-to-one owned-to-loaned ratio and allowed up to ten thousand patrons at a time to borrow each ebook on the Website. Pl.'s 56.1 ¶¶ 542-543, 547. IA ended the NEL on June 16, 2020, shortly after this action was filed, and returned to its "traditional controlled digital lending," which remains in effect. Id. ¶ 571; Def.'s 56.1 ¶ 96.

In the two years after the NEL, IA's user base increased from 2.6 million to about 6 million. Pls.' 56.1 ¶¶ 248, 250. As of 2022, IA hosts about 70,000 daily ebook "borrows." Id. ¶ 249.

**B.**

The Publishers filed this action on June 1, 2020, alleging that IA infringed their copyrights in the 127 Works in Suit. Compl. ¶ 2. The Works in Suit are a range of published fiction and non-fiction works, including William Golding's Lord of the Flies (1954), Toni Morrison's The Bluest Eye (1970), Zora Neale Hurston's Their Eyes Were Watching God (1937), young adult novels by Daniel Handler (pen name Lemony Snicket), and Patrick Lencioni's best-selling management books. Pls.' 56.1 ¶ 199; see also ECF No. 1, Ex. A (listing the Works in Suit). The author of each Work in Suit assigned to one of the Publishers the exclusive rights to publish the Work in print and ebook form. Id. ¶ 33. All

10

the Works in Suit are available as authorized ebooks that may be
purchased by retail customers or licensed to libraries. Id.
¶ 201.

On July 28, 2020, IA answered the Complaint, principally
asserting a defense of "fair use" with respect to its lending of
the Works in Suit through IA's online library generally and
during the NEL specifically. Answer, ECF No. 33, at 24. After
extensive discovery, the parties now cross-move for summary
judgment on IA's liability for copyright infringement. See ECF
Nos. 87, 97.

## II.

The standard for granting summary judgment is well
established. "The Court shall grant summary judgment if the
movant shows that there is no genuine dispute as to any material
fact and the movant is entitled to judgment as a matter of law."
Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477
U.S. 317, 322-23 (1986). "[T]he trial court's task at the summary
judgment motion stage of the litigation is carefully limited to
discerning whether there are any genuine issues of material fact
to be tried, not to deciding them. Its duty, in short, is
confined at this point to issue-finding; it does not extend to
issue-resolution." Gallo v. Prudential Residential Servs., Ltd.
P'ship, 22 F.3d 1219, 1224 (2d Cir. 1994). The moving party bears

11

the initial burden of "informing the district court of the basis
of its motion" and identifying the matter that "it believes
demonstrate[s] the absence of a genuine issue of material fact."
Celotex, 477 U.S. at 323. The substantive law governing the case
will identify those facts that are material and "[o]nly disputes
over facts that might affect the outcome of the suit under the
governing law will properly preclude the entry of summary
judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
(1986).[4]

In determining whether summary judgment is appropriate, the
Court must resolve all ambiguities and draw all reasonable
inferences against the moving party. Matsushita Elec. Indus. Co.
v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). If the moving
party meets its burden, the nonmoving party must produce evidence
in the record and "may not rely simply on conclusory statements
or on contentions that the affidavits supporting the motion are
not credible." Ying Jing Gan v. City of New York, 996 F.2d 522,
532 (2d Cir. 1993). When there are cross motions for summary
judgment, the Court must assess each of the motions and determine

---

[4] Unless otherwise noted, this Opinion and Order omits all
alterations, citations, footnotes, and internal quotation marks in quoted
text.

12

whether either party is entitled to judgment as a matter of law. Admiral Indem. Co. v. Travelers Cas. & Sur. Co. of Am., 881 F. Supp. 2d 570, 574 (S.D.N.Y. 2012).

## III.

The Constitution empowers Congress to enact copyright laws "[t]o promote the Progress of Science and useful Arts." U.S. Const. art. I, § 8, cl. 8. "The Copyright Act furthers this core purpose by granting authors a limited monopoly over (and thus the opportunity to profit from) the dissemination of their original works of authorship." Authors Guild, Inc. v. HathiTrust, 755 F.3d 87, 95 (2d Cir. 2014). "The owner of a copyright has the exclusive right to -- or to license others to -- [1] reproduce, [2] perform publicly, [3] display publicly, [4] prepare derivative works of, and [5] distribute copies of, his copyrighted work." Arista Records, LLC v. Doe 3, 604 F.3d 110, 117 (2d Cir. 2010) (citing 17 U.S.C. § 106). "To establish copyright infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Williams v. Crichton, 84 F.3d 581, 587 (2d Cir. 1996). "The word 'copying' is shorthand for the infringing of any of the copyright owner's five exclusive rights described in § 106." Arista, 604 F.3d at 117.

13

The Publishers have established a <u>prima facie</u> case of copyright infringement. First, the Publishers hold exclusive publishing rights in the Works in Suit pursuant to 17 U.S.C. § 106, and the Works were timely registered with the Copyright Office. Pls.' 56.1 ¶¶ 210-214. Second, IA copied the entire Works in Suit without the Publishers' permission. <u>See id.</u> ¶¶ 242-245. Specifically, IA does not dispute that it violated the Publishers' reproduction rights, by creating copies of the Works in Suit, 17 U.S.C. § 106(1); the Publishers' rights to prepare derivative works, by "recasting" the Publishers' print books into ebooks, <u>id.</u> § 106(2); the Publishers' distribution rights, by distributing ebook copies of the Works in Suit to IA's users, <u>id.</u> § 106(3); the Publishers' public performance rights, through the "read aloud" function on IA's Website, <u>id.</u> § 106(4); and the Publishers' display rights, by showing the Works in Suit to users through IA's in-browser viewer, <u>id.</u> § 106(5).[5]

---

[5] The Publishers also allege, and IA does not dispute, that IA committed secondary copyright infringement by contributing to, inducing, and vicariously causing direct infringement by users who obtained ebooks on IA's Website. Compl. ¶¶ 138-150; Pls.' 56.1 ¶ 209; <u>see also</u> <u>Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.</u>, 545 U.S. 913, 930 (2005) ("One infringes contributorily by intentionally inducing or encouraging direct infringement and infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it.").

IA argues, however, that this infringement is excused by the doctrine of fair use. This doctrine allows some unauthorized uses of copyrighted works "to fulfill copyright's very purpose, '[t]o promote the Progress of Science and useful Arts.'" Campbell v. Acuff-Rose Music, Inc., 510 U.S. 569, 575 (1994). While rooted in the common law, fair use is a statutory exception to copyright infringement. The Copyright Act of 1976 provides that "the fair use of a copyrighted work" for "purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright." Id. § 107.

"In determining whether the use made of a work in any particular case is a fair use," the Copyright Act directs courts to consider the following factors:

> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
>
> (2) the nature of the copyrighted work;
>
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
>
> (4) the effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C. § 107.

The four factors are not exclusive, but each must be considered in a "case-by-case analysis," with the results "weighed together[] in light of the purposes of copyright." Fox

15

News Network, LLC v. TVEyes, Inc., 883 F.3d 169, 176 (2d Cir. 2018). Fair use presents a mixed question of law and fact and may be resolved on summary judgment where, as here, the material facts are undisputed. Harper & Row Publishers, Inc. v. Nation Enters., 471 U.S. 539, 560 (1985). Because fair use is an affirmative defense, the party asserting fair use bears the burden of proof. TVEyes, 883 F.3d at 176.[6]

**A.**

The first fair use factor addresses "the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes." 17 U.S.C. § 107(1). Courts "consider the extent to which the

---

[6] A separate provision of the Copyright Act gives "libraries and archives" limited authorization to reproduce and distribute certain copyrighted works without permission for preservation, replacement, and research. 17 U.S.C. § 108. Section 108 does not define "library," although some legislative history suggests that Congress did not intend Section 108 to encompass "online digital 'libraries' . . . that exist only in the virtual (rather than physical) sense." S. Rep. No. 105-190, 62 (1998). It is unnecessary to decide whether IA's online library is protected under Section 108, because IA does not justify its infringing acts under that section. Nonetheless, the Publishers argue that the Court should not deem IA's conduct to be fair use under Section 107 because doing so "would undermine the Congressional intent behind the limited exceptions" of Section 108. Pls.' Opp. to Def.'s Memo., ECF No. 169, at 8. This argument wrongly entwines Sections 107 and 108. Section 108 "in [no] way affects the right of fair use as provided by section 107." 17 U.S.C. § 108(f)(4); cf. HathiTrust, 755 F.3d at 94 n.4 ("[W]e do not construe § 108 as foreclosing our analysis of the Libraries' activities under fair use[.]"). Whether IA's conduct is fair use turns on an analysis of the Section 107 factors and any other relevant factors and is not foreclosed by the existence of Section 108.

secondary work is 'transformative,' as well as whether it is commercial." <u>Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith</u>, 11 F.4th 26, 37 (2d Cir. 2021), <u>cert. granted</u>, 142 S. Ct. 1412 (2022).

### 1.

In this Circuit, consideration of the first factor focuses chiefly on the degree to which the secondary use is "transformative." <u>Id.</u> A transformative use "adds something new, with a further purpose or different character, altering the first with new expression, meaning, or message, rather than merely superseding the original work." <u>Capitol Recs., LLC v. ReDigi Inc.</u>, 910 F.3d 649, 660 (2d Cir. 2018). A secondary use also may be transformative if it "expands [the] utility" of the original work. <u>TVEyes</u>, 883 F.3d at 176. "Although transformative use is not absolutely necessary for a finding of fair use, transformative works lie at the heart of the fair use doctrine, and a use of copyrighted material that merely repackages or republishes the original is unlikely to be deemed a fair use." <u>Id.</u> at 176-77.

17

There is nothing transformative about IA's copying and unauthorized lending of the Works in Suit.[7] IA does not reproduce the Works in Suit to provide criticism, commentary, or information about them. See 17 U.S.C. § 107. IA's ebooks do not "add[] something new, with a further purpose or different character, altering the [originals] with new expression, meaning or message." Campbell, 510 U.S. at 579. IA simply scans the Works in Suit to become ebooks and lends them to users of its Website for free. But a copyright holder holds the "exclusive[] right" to prepare, display, and distribute "derivative works based upon the copyrighted work." 17 U.S.C. § 106. An ebook recast from a print book is a paradigmatic example of a derivative work. Authors Guild v. Google, Inc., 804 F.3d 202, 215 (2d Cir. 2015) ("Google Books") (citing 17 U.S.C. § 101). And although the changes involved in preparing a derivative work "can be described as transformations, they do not involve the kind of transformative purpose that favors a fair use finding." Id.; see also Penguin Grp. (USA) v. Am. Buddha, No. 13-cv-2017, 2015 WL 11170727, at

---

[7] The Publishers do not challenge certain uses IA makes of the Works in Suit, including "indexing them for the purpose of searching, displaying short excerpts in response to searches and citations, and supporting research in text and data mining." Def.'s Memo., ECF No. 106, at 16-17. The Publishers limit their claims to IA's digital lending of entire ebook versions of the Works in Suit.

*2-4 (D. Ariz. May 11, 2015) (service that made complete copies of copyrighted print works and published them online was not transformative because republication did "not imbue the Works with new expression or meaning").[8]

The Court of Appeals for the Second Circuit previewed as much in HathiTrust and Google Books, cases that "test[ed] the boundaries of fair use." Google Books, 804 F.3d at 206. The defendant in HathiTrust scanned whole copies of millions of books, including those protected by valid copyrights, to create a database on which the general public could search for particular terms across the scanned works. 755 F.3d at 91. The creation of this "full-text searchable database [was] a quintessentially transformative use," the court held, because "the result of a word search is different in purpose, character, expression, meaning, and message from the page (and the book) from which it

---

[8] Other cases consistently have held that the first fair use factor weighs against infringers who do nothing more than "change[] the format" of a preexisting work, as IA does here. Infinity Broad. Corp. v. Kirkwood, 150 F.3d 104, 108 n.2 (2d Cir. 1998); accord Disney Enters. v. VidAngel, 869 F.3d 848, 862 (9th Cir. 2017) (explaining that courts "unanimously reject the view that "space-shifting" is fair use under § 107" and holding that it was not fair use to "make[] illegal copies of pre-selected movies [on discs] and then sell[] streams . . . . in a different format than that in which they were bought"); UMG Recordings, Inc. v. MP3.com, Inc., 92 F. Supp. 2d 349, 350-52 (S.D.N.Y. 2000) (service that "simply repackage[d] [] recordings to facilitate their transmission through another medium" was not transformative). These cases further support the conclusion that IA's use of the Works in Suit is not transformative.

19

is drawn." Id. at 97. Importantly, the database did not "allow users to view any portion of the books they [were] searching" and therefore, unlike IA's Website, "d[id] not add into circulation any new, human-readable copies of any books" or "merely repackage or republish the originals." Id.

Google Books similarly found transformative use in Google's scanning of copyrighted books to create a database that included a "snippet view" search function that allowed readers to view a few lines of text containing searched-for terms. 804 F.3d at 208. The snippet view showed the searcher "just enough context surrounding the searched term" to help the searcher evaluate whether the book fell within the scope of the searcher's interest "without revealing so much as to threaten the author's copyright interests." Id. at 208, 216. But the Court of Appeals cautioned that "[i]f Plaintiffs' claim were based on Google's converting their books into a digitized form and making that digitized version accessible to the public," precisely what the Publishers allege in this case, the "claim [for copyright infringement] would be strong." Id. at 225. If HathiTrust and Google Books demarcated the boundaries of fair use, this case shows what conduct remains squarely beyond fair use.

Asked at oral argument on the current motions for its best authority on the first fair use factor, IA directed the Court to

a second holding in <u>HathiTrust</u>: that fair use allowed the
defendant to provide "print-disabled patrons with versions of all
the works contained in its digital archive in formats accessible
to them." 755 F.3d at 101. But <u>HathiTrust</u>'s endorsement of this
distribution of complete ebooks was carefully limited to print-
disabled readers. <u>See</u> <u>id.</u> at 102 (relying on the Supreme Court's
and Congress' endorsement of "[m]aking the copy of a copyrighted
work for the convenience of a blind person" as an example of fair
use); <u>see also</u> 17 U.S.C. § 121 (Limitations on exclusive rights:
Reproductions for blind or other people with disabilities).
<u>HathiTrust</u> reiterated that outside this context, when a defendant
"recasts copyrighted works into new formats," it appears to
"creat[e] derivative works over which the author ordinarily
maintains control." 755 F.3d at 101. IA's ebooks are available to
the general public, not only to the print-disabled. <u>HathiTrust</u>'s
second holding therefore does not begin to support IA's copying
and distribution of the Works in Suit.

The principal argument IA raised in its papers was that it
expands the "utility" of the Works in Suit. <u>See</u> <u>TVEyes</u>, 883 F.3d
at 176. By scanning print books and lending them one at a time
over the Internet while retaining a copy of the print originals,
IA claims that it performs the transformative function of making
the delivery of library books more efficient and convenient.

But IA distorts the way courts have treated utility-expanding transformative uses. IA does not expand the utility of the Works in Suit by "provid[ing] information about" them. ReDigi, 910 F.3d at 661. Creating a full-text searchable database "in a manner that [does] not allow users to read the texts," as in HathiTrust, is an example of such a utility-expanding transformative use. Id. The same is true for copying protected work into a database to detect plagiarism, see A.V. ex rel. Vanderhye v. iParadigms, LLC, 562 F.3d 630, 639 (4th Cir. 2009), and displaying tiny, low-resolution "thumbnail" art reproductions that link to the websites containing the originals, see Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146, 1165 (9th Cir. 2007); Kelly v. Arriba Soft Corp., 336 F.3d 811, 818-19 (9th Cir. 2003). Far from providing information about the Works in Suit, IA's ebooks merely replace those authorized by the Publishers.

Nor does IA expand the utility of the Works in Suit in the other way recognized in this Circuit: by using technology to "improv[e] the efficiency of delivering content" to "one entitled to receive the content" in a way that does not "unreasonably encroach[] on the commercial entitlements of the rights holder." ReDigi, 910 F.3d at 661 (citing Sony Corp. of Am. v. Universal City Studios, Inc., 464 U.S. 417 (1984)); see also TVEyes, 883 F.3d at 177. IA relies heavily on Sony. Sony was accused of

22

contributory copyright infringement based on its sale of Betamax machines to customers who could then copy programs to be viewed at a later time even though the customers could have viewed the programs for free when they were broadcast. 464 U.S. at 421, 448-55. The Supreme Court held that customers who used the Betamax machines to "time-shift" satisfied the first fair use factor, because "time-shifting for private home use" was a "noncommercial, nonprofit activity" and the Betamax machine "merely enable[d] a viewer to see such a work which he had been invited to witness in its entirety free of charge." Id. at 449. IA argues that its digital lending is "at least as transformative as the use at issue in Sony," because IA and its Partner Libraries already paid for print copies of the Works in Suit and because a patron who digitally borrows one of IA's ebooks is "the one person in the world who is then borrowing that particular . . . library book." Def.'s Memo., ECF No. 106, at 17-18.

But Sony is plainly inapposite. IA is not comparable to the parties in Sony -- either to Sony, the alleged contributory copyright infringer, or to the home viewers who used the Betamax machine for the noncommercial, nonprofit activity of watching television programs at home. Unlike Sony, which only sold the machines, IA scans a massive number of copies of books and makes

23

them available to patrons rather than purchasing ebook licenses
from the Publishers. IA is also unlike the home viewers in Sony,
who engaged in the "noncommercial, nonprofit activity" of viewing
at a more convenient time television programs that they had the
right to view for free at the time they were originally
broadcast. 464 U.S. at 449. The home viewers were not accused of
making their television programs available to the general public.
Although IA has the right to lend print books it lawfully
acquired, it does not have the right to scan those books and lend
the digital copies en masse. To hold otherwise would be to ignore
the teaching of the Court of Appeals for the Second Circuit in
Google Books that there would be a "strong" claim for copyright
infringement if Google had distributed digitized copies of
complete books. 804 F.3d at 225; see also A&M Recs., Inc. v.
Napster, Inc., 239 F.3d 1004, 1019 (9th Cir. 2001) (finding Sony
to be "inapposite" because its time shifting did not "involve
distribution of the copyrighted material to the general public").[9]

---

[9] TVEyes, another case involving transformative use in a utility-
expanding technology, helps IA even less than Sony does. The defendant in
that case copied all television programming in the United States, as well
as its closed-captioning text, into a database, then offered a commercial
subscription service that allowed business and professional clients to
search the transcripts and watch up to ten minutes of selected video
segments. 883 F.3d at 175. The court found the defendant's secondary use
"at least somewhat transformative" because "it enable[d] nearly instant
access to a subset of material -- and to information about the material --
that would otherwise be irretrievable, or else retrievable only through

24

Finally, IA argues that its digital lending is
transformative because it "facilitates new and expanding
interactions between library books and the web." Def.'s Memo. at
18. For example, "writers of Wikipedia articles" can "borrow
books from the Internet Archive's collection, and then link from
their article to a particular page" on IA's Website, and
librarians can "curate, and make available online, collections of
banned books." Id.; see also Def.'s 56.1 ¶¶ 60-65. But these
purported uses are not transformative. "[A] use does not become
transformative by making an invaluable contribution to the
progress of science and cultivation of the arts." HathiTrust, 755
F.3d at 96. Instead, "a transformative work is one that serves a
new and different function from the original work and is not a
substitute for it." Id. IA offers no transformative use of the

---

prohibitively inconvenient or inefficient means." Id. at 177. IA
appropriately does not analogize its library to the service in TVEyes: The
court ultimately held that any modest transformative uses were easily
outweighed by the harm to the rights holders' market under the fourth fair
use factor. Id. at 180-81. By providing Fox's copyrighted programming to
its clients "without payment to Fox, TVEyes . . . usurped a market that
properly belong[ed] to the copyright-holder." Id. at 180. As discussed
below, the same is true here. Any "efficiency" IA offers by giving users
instant, unauthorized access to the Works in Suit is easily outweighed by
the harm that this access inflicts on the Publishers' commercial
entitlements as the copyright holders to market the ebooks that IA produces
and provides.

Works in Suit, which strongly suggests that the first fair use factor favors the Publishers.

**2.**

The first factor also directs courts to consider whether the secondary use "is of a commercial nature or is for nonprofit educational purposes." 17 U.S.C. § 107(1).

IA argues that its library is "wholly noncommercial" because IA is a non-profit organization that does not charge patrons to borrow books and because private reading is noncommercial in nature. Def.'s Memo. at 16. However, IA's non-profit status and decision not to charge patrons are not dispositive. See Weissmann v. Freeman, 868 F.3d 1313, 1324 (2d Cir. 1989) ("The absence of a dollars and cents profit does not inevitably lead to a finding of fair use."). "The crux of the profit/nonprofit distinction is not whether the sole motive of the use is monetary gain but whether the user stands to profit from exploitation of the copyrighted material without paying the customary price." Harper & Row, 471 U.S. at 562.

IA exploits the Works in Suit without paying the customary price. IA uses its Website to attract new members, solicit donations, and bolster its standing in the library community. See Pls.' 56.1 ¶¶ 379-388. Better World Books also pays IA whenever a patron buys a used book from BWB after clicking on the "Purchase

26

at Better World Books" button that appears on the top of webpages for ebooks on the Website. Id. ¶¶ 340, 346-347; see also id. ¶ 349 (testimony of IA's Director of Finance that "every single page of the Archive is monetized"). IA receives these benefits as a direct result of offering the Publishers' books in ebook form without obtaining a license. Although it does not make a monetary profit, IA still gains "an advantage or benefit from its distribution and use of" the Works in Suit "without having to account to the copyright holder[s]," the Publishers. Worldwide Church of God v. Phila. Church of God, Inc., 227 F.3d 1110, 1118 (9th Cir. 2000). The commercial-noncommercial distinction therefore favors the Publishers. See also, e.g., Weissmann, 868 F.2d at 1324 (finding commercial use where professor's verbatim copying of academic work could allow him to "profit" by gaining authorship credit and recognition among his peers); Soc'y of Holy Transfiguration Monastery, Inc. v. Gregory, 689 F.3d 29, 61 (1st Cir. 2012) (church official's posting of religious texts on website was "commercial" because he "benefitted by being able to provide, free of cost, the core text of the [copyrighted] Works to members of [his] faith, and by standing to gain at least some recognition within [his] religious community for providing electronic access"); Am. Buddha, 2015 WL 11170727, at *4 (finding commercial use where online library solicited donations and stood

27

to gain recognition and financial support by posting copyrighted books).

It is "largely irrelevant" that an IA patron's private reading of an ebook provided by IA is noncommercial. See De Fontbrune v. Wofsy, 39 F.4th 1214, 1224 (9th Cir. 2022); see also Princeton Univ. Press v. Michigan Document Servs., Inc., 99 F.3d 1381, 1386 (6th Cir. 1996) (rejecting fair use defense where college-town copy shop copied portions of books and sold them to students in "coursepacks" intended for educational use). What matters is whether IA profited from copying the Works. And although the "commercial nature of a secondary use is of decreased importance when the use is sufficiently transformative such that the primary author should not reasonably expect to be compensated," Andy Warhol Found., 11 F.4th at 44, this is far from that situation. The Publishers reasonably expect to be compensated for the reproduction of their copyrighted works, and IA stands to profit from its non-transformative exploitation of the Works in Suit. The commercial-noncommercial distinction, like the transformativeness inquiry, therefore counsels against a finding of fair use.

**3.**

IA makes a final argument that the first factor favors fair use because, according to IA, by reproducing and distributing

28

only ebook editions of print books that were lawfully acquired, IA furthers the goals of copyright's "first sale" doctrine. This argument is without merit.

A "common-law doctrine with an impeccable historic pedigree," Kirtsaeng v. John Wiley & Sons, Inc., 568 U.S. 519, 538 (2013), the first sale doctrine is codified at 17 U.S.C. § 109(a).[10] The doctrine provides that a "rights holder's control over the distribution of any particular copy or phonorecord that was lawfully made effectively terminates when that copy or phonorecord is distributed to its first recipient." ReDigi, 910 F.3d at 655. Thus, "the lawful purchaser of a copy of a book is free to resell, lend, give, or otherwise transfer that copy without violating the copyright holder's exclusive right of distribution," and "[t]he copy so resold or re-transferred may be re-transferred again and again without violating the exclusive distribution right." Id.

Section 109(a) does not excuse IA's unauthorized reproduction of the Works in Suit. The first sale doctrine limits a copyright owner's distribution right under § 106(3), but

---

[10] "Notwithstanding the provisions of section 106(3), the owner of a particular copy or phonorecord lawfully made under this title, or any person authorized by such owner, is entitled, without the authority of the copyright owner, to sell or otherwise dispose of the possession of that copy or phonorecord." 17 U.S.C. § 109(a).

Section 109(a) "says nothing about the rights holder's control under § 106(1) over <u>reproduction</u> of a copy or phonorecord." <u>ReDigi</u>, 910 F.3d at 656. Although Section 109 entitles IA and its Partner Libraries to resell or lend their lawfully acquired print copies of the Works in Suit, "unauthorized reproduction," which is at the heart of IA's online library, "is not protected" by § 109(a). <u>Id.</u> at 659.

Acknowledging this, IA refashions a first sale argument within its fair use analysis. IA argues that although "Section 109 does not expressly encompass the reproduction right, neither does it abrogate the common-law principle favoring the ability of the owner of a copy to freely give, sell, or lend it." Def.'s Memo. at 19-20. But IA points to no case authorizing the first recipient of a book to reproduce the entire book without permission, as IA did to the Works in Suit. IA cites only <u>Doan v. American Book Co.</u>, 105 F. 772 (7th Cir. 1901), for the proposition that the "common-law doctrine of exhaustion can encompass reproduction of copyrighted material." Def.'s Memo. at 21. That century-old case merely held that the owner of a schoolbook could reproduce new copies of the book's cover, because the right of ownership "includes the right to maintain the book as nearly as possible in its original condition, so far, at least, as the cover and binding of the book is concerned." 105

F. at 777. By its terms, <u>Doan</u> does little to help IA, which seeks permission to do far more than replace for personal use the cover and binding of print books it already owns.

Moreover, the Court of Appeals has cautioned courts against relying on "the purported breadth of the first sale doctrine as originally articulated by the courts" in older cases, given Section 109(a)'s narrower reach. See <u>ReDigi</u>, 910 F.3d at 664 (citing <u>Bureau of Nat'l Literature v. Sells</u>, 211 F. 379, 381-82 (W.D. Wash. 1914), which found no infringement, in light of the first sale doctrine, where reseller re-bound used books and held them out as new books). In <u>ReDigi</u>, the Court of Appeals plainly held that the first sale doctrine has now been codified in Section 109(a), that it does not include a right of reproduction, and that any broader scope of the first sale doctrine should be sought from Congress, not the courts. <u>Id.</u>

Nor does IA's promise not to lend simultaneously its lawfully acquired print copies and its unauthorized reproductions help its case. As an initial matter, IA has not kept its promise. Although the Open Library's print copies of the Works in Suit are non-circulating, IA concedes that it has no way of verifying whether Partner Libraries remove their physical copies from circulation after partnering with IA. Pls.' 56.1 ¶¶ 495-496. To the contrary, IA knows that some Partner Libraries do not remove

31

the physical books from their shelves, and even if a Partner
Library puts a physical book into a non-circulating reference
collection, it could be read in the library while the ebook
equivalent is checked out. Id. ¶¶ 494, 497. IA also does not
inform Partner Libraries when an ebook in its collection is
checked out, and Partner Libraries do not tell IA when their
physical copies are circulating. Id. ¶ 498. IA admits it has
never taken action against a Partner Library that did not
suppress circulation properly. Id. ¶ 499.

Even full enforcement of a one-to-one owned-to-loaned ratio,
however, would not excuse IA's reproduction of the Works in Suit.
ReDigi is instructive. The defendant in that case created a
computer program that allowed users to resell lawfully acquired
digital music files. 910 F.3d at 652-54. ReDigi sought to ensure
that its files never existed in more than one place at once by
deleting the original file from the seller's computer once a copy
was made on ReDigi's servers. See id. at 656. Echoing CDL's core
principle -- that a physical book should not be in use at the
same time as its digital copy -- ReDigi argued that, under the
first sale doctrine, it did not unlawfully reproduce new copies
but merely facilitated the transfer of copies lawfully acquired.
Id.

The Court of Appeals rejected this argument. It explained that the measures ReDigi took to avoid increasing the total number of copies in existence did "not rebut or nullify the fact that" ReDigi's program unquestionably created new copies of each work and involved unauthorized reproduction. Id. at 657. As the court explained, in language that applies equally to IA: "We are not free to disregard the terms of [Section 109(a)] merely because the entity performing an unauthorized reproduction makes efforts to nullify its consequences by the counterbalancing" removal from circulation of the preexisting copies. Id. at 658.

IA accepts that ReDigi forecloses any argument it might have under Section 109(a). But in pressing its first sale argument under the guise of fair use, IA ignores that ReDigi also rejected the fair use defense. Id. at 660-64. The ReDigi software was not transformative because the company "ma[d]e no change in the copyrighted work[s]," but merely "provide[d] a market for the resale of digital music files, which resales compete[d] with sales of the same recorded music by the rights holder." Id. at 661. The same is true of IA's online library. IA in no way transforms the use of the Works in Suit. It merely creates derivative ebooks that, when lent to the public, compete with those authorized by the Publishers. The promise of a one-to-one

33

"owned-to-loaned ratio," whether cast under Section 109 or fair use, is no defense.

\*\*\*

The crux of IA's first factor argument is that an organization has the right under fair use to make whatever copies of its print books are necessary to facilitate digital lending of that book, so long as only one patron at a time can borrow the book for each copy that has been bought and paid for. See Oral Arg. Tr. 31:10-15. But there is no such right, which risks eviscerating the rights of authors and publishers to profit from the creation and dissemination of derivatives of their protected works. See 17 U.S.C. §§ 106(1), (2). IA's wholesale copying and unauthorized lending of digital copies of the Publishers' print books does not transform the use of the books, and IA profits from exploiting the copyrighted material without paying the customary price. The first fair use factor strongly favors the Publishers.

### B.

The second fair use factor directs courts to consider "the nature of the copyrighted work." Id. § 107(2). "[S]ome works are closer to the core of intended copyright protection than others," and "fair use is more difficult to establish when the former works are copied." Campbell, 510 U.S. at 586. Two distinctions

34

are relevant to this analysis: (1) "whether the work is
expressive or creative, such as a work of fiction, or more
factual, with a greater leeway being allowed to a claim of fair
use where the work is factual or informational," and (2) "whether
the work is published or unpublished, with the scope of fair use
involving unpublished works being considerably narrower." Blanch
v. Koons, 467 F.3d 244, 256 (2d Cir. 2006).

    The second factor favors the Publishers. "[C]reative
expression for public dissemination falls within the core of the
copyright's protective purposes." Campbell, 510 U.S. at 586. The
Works in Suit are published works of fiction and non-fiction. The
fiction books, as paradigmatic creative works, are close to the
core of intended copyright protection. See, e.g., Am. Buddha,
2015 WL 11170727, at *5. But the Copyright Act also values and
seeks to protect the non-fiction Works in Suit, which contain
"subjective descriptions and portraits . . . whose power lies in
the author's individualized expression," Harper & Row, 471 U.S.
at 563, and are "far removed from the . . . factual or
descriptive work more amenable to fair use," MP3.com, 92 F. Supp.
2d at 351; cf. Nihon Keizai Shimbun, Inc. v. Comline Bus. Data,
Inc., 166 F.3d 65, 72-73 (2d Cir. 1999) (explaining that
"predominantly factual news articles" are "less close to the core

35

than more fictional pieces" or pieces whose "expressive elements" are "dominant features of the works").

IA argues that because most of the Works in Suit were published more than five years before IA copied them, IA has not interfered with the authors' "right to control the first public appearance of [their] expression." Def.'s Memo. at 22 (citing Harper & Row, 471 U.S. at 562). IA is correct that the unpublished nature of a work tends to negate a defense of fair use. Harper & Row, 471 U.S. at 554. However, "the converse is not necessarily true; neither Harper & Row nor any principle of fair use counsels that the publication of the copyrighted work weighs in favor of fair use." Dr. Seuss Enters., L.P. v. ComicMix LLC, 983 F.3d 443, 456 (9th Cir. 2020). Published works do not lose copyright protection after five years.

Finally, although the second factor is not "likely to help much in separating the fair use sheep from the infringing goats" in cases involving transformative copying, Campbell, 510 U.S. at 586, IA has not made transformative use of the Works in Suit. IA has simply copied the Works in Suit wholesale and made the copies available for lending. That this dispute involves original works close to the core of copyright protection further counsels against a finding of fair use.

36

## c.

Under the third fair use factor, courts consider "the amount and substantiality of the portion used in relation to the copyrighted work as a whole." 17 U.S.C. § 107(3). IA copied the entire Works in Suit and made the copies available for lending. Wholesale copying like this "tends to disfavor a finding of fair use." ReDigi, 910 F.3d at 662; see also, e.g., On Davis v. The Gap, Inc., 246 F.3d 152, 175 (2d Cir. 2001); Am. Buddha, 2015 WL 11170727, at *5.

It is true that copying an entire work is sometimes necessary to make a fair use of the work. Bill Graham Archives v. Dorling Kindersley Ltd., 448 F.3d 605, 613 (2d Cir. 2006). In Google Books and HathiTrust, for example, it was "reasonably necessary" for the defendants "to make use of the entirety of the works in order to enable" the transformative uses of portions of the underlying works. See Google Books, 804 F.3d at 221; HathiTrust, 755 F.3d at 98. In this case, however, IA copied the Works in Suit wholesale for no transformative purpose and created ebooks that, as explained below, competed directly with the licensed ebooks of the Works in Suit. IA's wholesale copying therefore cannot be excused, and the third factor weighs strongly in the Publishers' favor.

37

**D.**

The fourth fair use factor is "the effect of the [copying] use upon the potential market for or value of the copyrighted work[s]." 17 U.S.C. § 107(4). This factor focuses on whether a secondary use "usurps the market for the [original] by offering a competing substitute." Andy Warhol Found., 11 F.4th at 48. "When a secondary use competes in the rightsholder's market as an effective substitute for the original, it impedes the purpose of copyright," which is "to incentivize new creative works by enabling their creators to profit from them." ReDigi, 910 F.3d at 662. The fourth factor necessarily relates to the first and third factors. The less transformative a secondary use is under the first factor, the more "likely it will supplant the commercial market for the original." Id. So too, the larger the amount of the original that is taken under the third factor, "the greater the likelihood that the secondary work might serve as an effectively competing substitute for the original." Google Books, 804 F.3d at 221.

Like the other three factors, the fourth factor strongly favors the Publishers. "[A] copyright holder is entitled to demand a royalty for licensing others to use its copyrighted work," and "the impact on potential licensing revenues is a proper subject for consideration in assessing the fourth factor."

38

TVEyes, 883 F.3d at 180. In this case, there is a "thriving ebook licensing market for libraries" in which the Publishers earn a fee whenever a library obtains one of their licensed ebooks from an aggregator like OverDrive. Pls.' 56.1 ¶¶ 577-578. This market generates at least tens of millions of dollars a year for the Publishers. Id. ¶¶ 170, 172. And IA supplants the Publishers' place in this market. IA offers users complete ebook editions of the Works in Suit without IA's having paid the Publishers a fee to license those ebooks, and it gives libraries an alternative to buying ebook licenses from the Publishers. Indeed, IA pitches the Open Libraries project to libraries in part as a way to help libraries avoid paying for licenses. See Pls.' 56.1 ¶ 383 (presentation IA gave to libraries asserting that pairing with IA means that "You Don't Have to Buy It Again!"); id. ¶ 382 (different presentation promising that the Open Libraries project "ensures that a library will not have to buy the same content over and over, simply because of a change in format"). IA thus "brings to the marketplace a competing substitute" for library ebook editions of the Works in Suit, "usurp[ing] a market that properly belongs to the copyright-holder." TVEyes, 833 F.3d at 179.

It is equally clear that if IA's conduct "becomes widespread, it will adversely affect the potential market for

the" Works in Suit. Andy Warhol Found., 11 F.4th at 48. IA could expand the Open Libraries project far beyond the current contributing partners, allowing new partners to contribute many more concurrent copies of the Works in Suit to increase the loan count. New organizations like IA also could emerge to perform similar functions, further diverting potential readers and libraries from accessing authorized library ebooks from the Publishers. This plainly risks expanded future displacement of the Publishers' potential revenues. See, e.g., Gregory, 689 F.3d at 65 ("If anyone could freely access the Works, electronically or otherwise, the [plaintiff] would have no market in which to try and publish, disseminate, or sell its [Works]."); Am. Buddha, 2015 WL 11170727, at *6 ("[U]nrestricted and widespread conduct of the sort engaged in by American Buddha would essentially gut the potential market for the Works.").[11]

---

[11] It is no answer for IA to argue that the Publishers have provided "no concrete evidence" of past market harm. Def.'s Memo. at 28. That is not the Publishers' burden. A rightsholder bears only "some initial burden of identifying relevant markets." Andy Warhol Found., 11 F.4th at 49; see also id. ("[W]e have never held that the rightsholder bears the burden of showing actual market harm. Nor would we so hold."). In this case, the Publishers have met their burden by identifying the thriving library ebook licensing market, with its tens of millions of dollars in annual revenue, as a market that IA's copying stands to harm. See Ringgold v. Black Ent. Television, Inc., 126 F.3d 70, 81 (2d Cir. 1997) ("Ringgold is not required to show a decline in the number of licensing requests for the 'Church Picnic' poster since the ROC episode was aired. The fourth factor will favor her if she can show a 'traditional, reasonable, or likely to be developed' market for licensing her work as set decoration.").

IA argues that it does not compete in the library ebook market because it only offers libraries a way to "lend a copy the library owns," while library ebook licenses "are not tied to what print books the library owns or what the library does with them." Def.'s Memo. at 30. But IA's free library ebook model need not mimic the Publishers' licensing schemes in every respect to provide a significantly competing substitute. An accused infringer usurps an existing market "where the infringer's target audience and the nature of the infringing content is the same as the original." Cariou, 714 F.3d at 709; see also Andy Warhol Found., 11 F.4th at 50. That is the case here. For libraries that are entitled to partner with IA because they own print copies of books in IA's collection, it is patently more desirable to offer IA's bootleg ebooks than to pay for authorized ebook licenses. To state the obvious, "[i]t is difficult to compete with a product

---

There is also no merit to IA's contention, raised for the first time at argument, that "in the situation where the use is non-commercial . . . it remains an open question where the burdens lie." Oral Arg. Tr. At 43:17-19. As explained above, IA's use of the Works in Suit is commercial under the first factor. In any event, IA unequivocally bears the burden to show a lack of market harm. See Andy Warhol Found., 11 F.4th at 49 (collecting cases uniformly explaining that because "[f]air use is an affirmative defense," the "ultimate burden of proving that the secondary use does not compete in the relevant market is appropriately borne by the party asserting the defense: the secondary user").

offered for free." Sony BMG Music Ent. v. Tenenbaum, 672 F. Supp. 2d 217, 231 (D. Mass. 2009).

Equally unavailing is IA's reliance on various metrics that allegedly demonstrate that its online library has not harmed, or is not likely to harm, the Publishers' financial bottom lines. IA's experts observed that print sales of the Works in Suit and general demand for library ebooks did not decrease while the Works in Suit were available on IA's Website; that Amazon rankings for the Works in Suit improved when IA's digital lending skyrocketed (and government lockdowns were in full effect) at the beginning of the Covid-19 pandemic; and that, despite the removal of the Works in Suit from IA's library in June 2020, OverDrive checkouts of the Works in Suit did not increase. See Def.'s 56.1 ¶¶ 121-122, 138, 140-141, 150. IA attributes these outcomes to the "discovery" effect of its book lending: Patrons decide they enjoy the books they have borrowed through IA enough to purchase those books and recommend them to others. See Def.'s Memo. at 25.[12]

---

[12] The Publishers argue that, were there a trial, they would move under Federal Rule of Evidence 702 to exclude the entire testimony of two of IA's experts, as well as portions of IA's third expert's opinions, on the grounds that they are based on insufficient facts and impermissibly flawed principles and methods. Pls.' Opp. to Def.'s Memo. at 18 n.1. It is unnecessary to assess the reliability of IA's expert opinions, because even

But these metrics do not begin to meet IA's burden to show a lack of market harm. Taking them at face value, they show at best that the presence of the Works in Suit in IA's online library correlated, however weakly, with positive financial indicators for the Publishers in other areas. They do not show that IA's conduct caused these benefits to the Publishers. In any event, IA cannot offset the harm it inflicts on the Publishers' library ebook revenues, see, e.g., Andy Warhol Found., 11 F.4th at 48; TVEyes, 883 F.3d at 180, by pointing to other asserted benefits to the Publishers in other markets. Nor could those asserted benefits tip the scales in favor of fair use when the other factors point so strongly against fair use. See, e.g., Campbell, 510 U.S. at 590 n.21 ("Even favorable evidence, without more, is no guarantee of fairness. Judge Leval gives the example of the film producer's appropriation of a composer's previously unknown song that turns the song into a commercial success; the boon to the song does not make the film's simple copying fair." (citing Pierre Leval, Toward a Fair Use Standard, 103 Harv. L. Rev. 1105, 1124 n.84 (1990)). Ultimately, the question under the fourth factor is whether the infringing use "pose[s] cognizable harm" in

---

accepting their conclusions, they do not help IA meet its burden to show a lack of market harm in this case.

the relevant market, in this case the market for authorized library ebook licenses. See Andy Warhol Found., 11 F.4th at 51. That harm here is evident.

It is also irrelevant to assessing market harm in this case that IA and its Partner Libraries once purchased print copies of all the Works in Suit. The Publishers do not price print books with the expectation that they will be distributed in both print and digital formats, Pls.' 56.1 ¶ 92, and "[a]ny allegedly positive impact of [a] defendant's activities on [the] plaintiffs' prior market in no way frees [the] defendant to usurp a further market that derives from the reproduction of the plaintiffs' copyrighted works." MP3.com, 92 F. Supp. 2d at 352; see also Infinity Broadcast, 150 F.3d at 111. The Publishers are entitled to revenue from all formats of the Works in Suit, regardless whether IA lawfully acquired the Works in print first.

Finally, the Court must consider "the public benefits [IA's] copying will likely produce." Andy Warhol Found., 11 F.4th at 50. IA argues that its digital lending makes it easier for patrons who live far from physical libraries to access books and that it supports research, scholarship, and cultural participation by making books widely accessible on the Internet. But these alleged benefits cannot outweigh the market harm to the Publishers. "Any copyright infringer may claim to benefit the public by increasing

44

public access to the copyrighted work." Harper & Row, 471 U.S. at 569. It is clear that IA's distribution of ebook copies of the Works in Suit without a license deprives the Publishers of revenues to which they are entitled as the copyright holders. See TVEyes, 883 F.3d at 179. The fourth factor therefore strongly favors the Publishers.

**E.**

Each enumerated fair use factor favors the Publishers, and although these factors are not exclusive, IA has identified no additional relevant considerations. At bottom, IA's fair use defense rests on the notion that lawfully acquiring a copyrighted print book entitles the recipient to make an unauthorized copy and distribute it in place of the print book, so long as it does not simultaneously lend the print book. But no case or legal principle supports that notion. Every authority points the other direction. Of course, IA remains entitled to scan and distribute the many public domain books in its collection. See Pls.' 56.1 ¶ 294. It also may use its scans of the Works in Suit, or other works in its collection, in a manner consistent with the uses deemed to be fair in Google Books and HathiTrust. What fair use does not allow, however, is the mass reproduction and distribution of complete copyrighted works in a way that does not transform those works and that creates directly competing

45

substitutes for the originals. Because that is what IA has done with respect to the Works in Suit, its defense of fair use fails as a matter of law.

## IV.

IA also argues that it made fair use of the Publishers' copyrights during the National Emergency Library. The analysis above applies even more forcefully to the NEL, during which IA amplified its unauthorized lending of ebook versions of the Works in Suit by lifting the one-to-one owned-to-loaned ratio. IA's defense of fair use with respect to the NEL therefore also fails.

## V.

Finally, IA asks that statutory damages be remitted if the Court rejects IA's fair use defense. See Def.'s Memo. at 35-36. Section 504 of the Copyright Act directs courts to remit statutory damages where, as relevant here, the infringer is a "nonprofit educational institution, library, or archives," or one of its agents or employees, and the defendant "infringed by reproducing the work in copies" and "believed and had reasonable grounds for believing" that its use of the work was fair use. 17 U.S.C. § 504(c)(2). At this point, IA's statutory remittance argument is premature. IA may renew the argument in connection with the formation of an appropriate judgment.

46

**CONCLUSION**

The Court has considered all of the parties' arguments. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing reasons, the plaintiffs' motion for summary judgment is **granted** and the defendants' motion for summary judgment is **denied.** The parties should submit their respective proposals (or preferably a joint proposal) for the appropriate procedure to determine the judgment to be entered in this case. The submission or submissions should be made within fourteen (14) days of the date of this Opinion and Order. The Clerk is respectfully directed to close all pending motions.

**SO ORDERED.**

Dated:     New York, New York
           March 24, 2023

                                        _____
                                        John G. Koeltl
                                        United States District Judge

47

CLOSED,APPEAL,CASREF,ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:20–cv–04160–JGK–OTW

| | |
|---|---|
| Hachette Book Group, Inc. et al v. Internet Archive et al | Date Filed: 06/01/2020 |
| Assigned to: Judge John G. Koeltl | Date Terminated: 08/11/2023 |
| Referred to: Magistrate Judge Ona T. Wang | Jury Demand: Both |
| Cause: 17:101 Copyright Infringement | Nature of Suit: 820 Copyright |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Hachette Book Group, Inc.**                represented by    **Carl Mazurek**
Davis Wright Tremaine LLP
1251 Avenue of the Americas
21st Floor
New York, NY 10020
917–294–6481
Email: carlmazurek@dwt.com
*ATTORNEY TO BE NOTICED*

**Danae Tinelli**
Oppenheim and Zebrak LLP
4530 Wisconsin Ave NW, Fifth Floor
Washington, DC 20016
202–851–4070
Email: danae@oandzlaw.com
*ATTORNEY TO BE NOTICED*

**Jesse Feitel**
Davis Wright Tremaine LLP
1251 Avenue of the Americas
New York, NY 10020
212–489–8230
Email: jessefeitel@dwt.com
*ATTORNEY TO BE NOTICED*

**John Moses Browning**
Davis Wright Tremaine LLP (NYC)
1251 Avenue of the Americas
New York, NY 10020
212–489–8230
Email: jackbrowning@dwt.com
*ATTORNEY TO BE NOTICED*

**Linda Jane Steinman**
Davis Wright Tremaine LLP (NYC)
1251 Avenue of the Americas
New York, NY 10020
212–603–6409
Fax: 212–489–8340
Email: lindasteinman@dwt.com
*ATTORNEY TO BE NOTICED*

**Matthew Jan Oppenheim**
Oppenheim & Zebrak LLP
4530 Wisconsin Ave, NW
5th Floor
Washington, DC 20016
202–450–3958
Email: matt@oandzlaw.com
*ATTORNEY TO BE NOTICED*

**Meredith Ivana Santana**
Davis Wright Tremaine LLP (NYC)
1251 Avenue of the Americas
New York, NY 10020
(212)–603–6417
Fax: (212)–489–8340
Email: meredithsantana@dwt.com
*ATTORNEY TO BE NOTICED*

**Rebecca Weissman**
Oppenheim and Zebrak, LLP
4530 Wisconsin Avenue, NW
5th Floor
Washington, DC 20016
202–480–2999
Email: rweissman@loeb.com
*TERMINATED: 06/03/2022*

**Scott A. Zebrak**
Oppenheim & Zebrak, LLP
4530 Wisconsin Ave NW
5th Floor
Washington, DC 20016
202–480–2999
Email: scott@oandzlaw.com
*ATTORNEY TO BE NOTICED*

**Elizabeth A. McNamara**
Davis Wright Tremaine LLP (NYC)
1251 Avenue of the Americas
New York, NY 10020
212 489–8230
Fax: 212 489–8340
Email: lizmcnamara@dwt.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **HarperCollins Publishers LLC** | represented by | **Carl Mazurek**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Danae Tinelli**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jesse Feitel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Moses Browning**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Linda Jane Steinman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew Jan Oppenheim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Meredith Ivana Santana**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rebecca Weissman**
(See above for address)
*TERMINATED: 06/03/2022*

**Scott A. Zebrak**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth A. McNamara**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**John Wiley & Sons, Inc.**                    represented by    **Carl Mazurek**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Danae Tinelli**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jesse Feitel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Moses Browning**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Linda Jane Steinman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew Jan Oppenheim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Meredith Ivana Santana**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rebecca Weissman**
(See above for address)
*TERMINATED: 06/03/2022*

**Scott A. Zebrak**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth A. McNamara**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Penguin Random House LLC**                    represented by    **Carl Mazurek**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Danae Tinelli**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jesse Feitel**

(See above for address)
*ATTORNEY TO BE NOTICED*

**John Moses Browning**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Linda Jane Steinman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew Jan Oppenheim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Meredith Ivana Santana**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rebecca Weissman**
(See above for address)
*TERMINATED: 06/03/2022*

**Scott A. Zebrak**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth A. McNamara**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Internet Archive**                    represented by    **Joseph C. Gratz**
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
415–268–7000
Fax: 415–268–7522
Email: JGratz@mofo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aditya Kamdar**
Morrison & Foerster LLP
Morrison & Foerster LLP
2100 L Street NW
Suite 900
Washington, DC 20037
202–887–1500
Fax: 202–887–0763
Email: AKamdar@mofo.com
*ATTORNEY TO BE NOTICED*

**Allyson R. Bennett**
Morrison & Foerster LLP
Durie Tangri LLP
707 Wilshire Boulevard
Suite 6000
Los Angeles, CA 90017–3543
213–892–5200
Fax: 213–892–5454
Email: ABennett@mofo.com

*ATTORNEY TO BE NOTICED*

**Annie Lee**
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
415–268–7000
Fax: 415–268–7522
Email: AnnieLee@mofo.com
*ATTORNEY TO BE NOTICED*

**Cara Lorraine Gagliano**
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109
415–436–9333
Fax: 415–436–9993
Email: cara@eff.org
*ATTORNEY TO BE NOTICED*

**Christopher C. Walsh**
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109
415–436–9333
Email: kit@eff.org
*ATTORNEY TO BE NOTICED*

**Corynne McSherry**
Electronic Frontier Foundation
815 Eddy St.
San Francisco, CA 94109
415–436–9333
Email: corynne@eff.org
*ATTORNEY TO BE NOTICED*

**Jessica Elaine Lanier**
Conrad Metlitzky Kane LLP
Four Embarcadero Center
Suite 1400
San Francisco, CA 94111
415–343–7100
Fax: 415–343–7101
Email: jlanier@conmetkane.com
*TERMINATED: 07/07/2023*

**Moon Hee Lee**
Quinn Emanuel Urquhart & Sullivan LLP
865 South Figueroa Street
Ste 10th Floor
Los Angeles, CA 90017
213–443–3627
Email: moonheelee@quinnemanuel.com
*TERMINATED: 03/15/2022*

**Defendant**

**Does 1 Through 5**
*inclusive*

**Amicus**

**Library Futures Institute, EveryLibrary Institute, and ReadersFirst**    represented by    **Yuliya Ziskina**
150 Crown St.
#F9
Brooklyn, NY 11225

206–819–1015
Email: j.ziskina@gmail.com
*ATTORNEY TO BE NOTICED*

**Amicus**

**AMICI CURIAE INTELLECTUAL**           represented by   **Rebecca Tushnet**
**PROPERTY LAW PROFESSORS**                              Rebecca Tushnet
                                                         1575 Massachusetts Ave.
                                                         Hauser 520
                                                         02138
                                                         Cambridge, MA 02138
                                                         703–593–6759
                                                         Email: rtushnet@lex–lumina.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Amicus**

**Michelle M Wu**                        represented by   **Max Ephraim Rodriguez**
                                                         Pollock Cohen LLP
                                                         111 Broadway
                                                         Suite 1804
                                                         New York, NY 10006
                                                         646–290–7509
                                                         Email: max@pollockcohen.com
                                                         *ATTORNEY TO BE NOTICED*

**Amicus**

**Copyright Scholars**                   represented by   **Jason Michael Schultz**
NYU School of Law                                        Washington Square Legal Services
5th floor                                                245 Sullivan Street
245 Sullivan Street                                      Room 609
New York, NY                                             New York
212–992–7365                                             New York, NY 10012
                                                         212–992–7365
                                                         Email: jason.schultz@law.nyu.edu
                                                         *ATTORNEY TO BE NOTICED*

**Amicus**

**Authors Alliance**                     represented by   **Rachel Brooke Leswing**
2705 Webster St.                                         1509 Fifth St., Apt. B
#5805                                                    Oakland, CA 94607
Berkeley, CA 94705                                       703–217–4968
                                                         Email: rmbrooke@gmail.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Amicus**

**Kenneth D. Crews**                     represented by   **Christopher Theodore Bavitz**
                                                         EMI Music North America
                                                         150 Fifth Avenue
                                                         New York, NY 10011
                                                         212–786–8000
                                                         Fax: 212–786–8743
                                                         Email: christopher.bavitz@emicap.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Amicus**

**Kevin L. Smith**                       represented by   **Christopher Theodore Bavitz**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Amicus**

| | | |
|---|---|---|
| **Professors and Scholars of Copyright Law** | represented by | **Jacqueline C. Charlesworth** |

Charlesworth Law
15671 Royal Ridge Road
Sherman Oaks, CA 91403
917–432–7343
Email: jacqueline@charlesworthlaw.com
*ATTORNEY TO BE NOTICED*

**Amicus**

| | | |
|---|---|---|
| **International Rightholders**<br>*IPA, FEP, STM, CISAC, FIAPF, IVF and IFPI* | represented by | **Theodore Michael Shapiro** |

Wiggin LLP
Brussels Office
Rue de Namur, 72
Brussels
Belgium
32478966012
Email: ted.shapiro@wiggin.eu
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew Aaron Leish**
Miller Korzenik Sommers Rayman LLP
The Paramount Building
1501 Broadway
Suite 2015
New York, NY 10036
212–752–9200
Email: mleish@mkslex.com
*ATTORNEY TO BE NOTICED*

**Amicus**

| | | |
|---|---|---|
| **Copyright Alliance** | represented by | **Alexander Gigante** |

Cowan, Debaets, Abrahams & Sheppard LLP
41 Madison Avenue, 34th Floor
New York, NY 10010
(212)–974–7474
Fax: (212)–974–8474
Email: agigante@cdas.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth Safran , I**
Cowan, DeBaets, Abrahams & Sheppard LLP
41 Madison Avenue
38th Floor
New York, NY 10010
212–974–7474
Email: ealtman@cdas.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nancy Evelyn Wolff**
Cowan, DeBaets, Abrahams & Sheppard LLP
41 Madison Avenue, 38th Floor
New York, NY 10010
(212)974–7474
Fax: (212)974–8474

Email: nwolff@cdas.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

| | |
|---|---|
| **The Authors Guild, Inc., Western Writers of America, Canadian Authors Association, American Photographic Artists, The Writers Union of Canada, International Authors Forum, American Society of Media Ph** | represented by **Robert William Clarida**<br>Reitler Kailas & Rosenblatt LLP<br>885 3rd Ave.<br>Ste 20th Floor<br>New York, NY 10022<br>212–209–3044<br>Email: rclarida@reitlerlaw.com<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 06/01/2020 | 1 | COMPLAINT against Does 1 Through 5, Internet Archive. (Filing Fee $ 400.00, Receipt Number ANYSDC–20052153)Document filed by Penguin Random House LLC, Hachette Book Group, Inc., John Wiley & Sons, Inc., HarperCollins Publishers LLC. (Attachments: # 1 Exhibit A).(McNamara, Elizabeth) (Entered: 06/01/2020) |
| 06/01/2020 | 2 | CIVIL COVER SHEET filed..(McNamara, Elizabeth) (Entered: 06/01/2020) |
| 06/01/2020 | 3 | REQUEST FOR ISSUANCE OF SUMMONS as to Internet Archive, re: 1 Complaint,. Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC..(McNamara, Elizabeth) (Entered: 06/01/2020) |
| 06/01/2020 | 4 | AO 121 FORM COPYRIGHT – NOTICE OF SUBMISSION BY ATTORNEY. AO 121 Form Copyright for case opening submitted to court for review..(McNamara, Elizabeth) (Entered: 06/01/2020) |
| 06/01/2020 | 5 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Other Affiliate News Corporation for HarperCollins Publishers LLC; Other Affiliate Bertelsmann SE & Co. KGaA for Penguin Random House LLC; Other Affiliate Hachette Livre USA, Inc. for Hachette Book Group, Inc.. Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC..(McNamara, Elizabeth) (Entered: 06/01/2020) |
| 06/01/2020 | 6 | NOTICE OF APPEARANCE by Linda Jane Steinman on behalf of Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC..(Steinman, Linda) (Entered: 06/01/2020) |
| 06/01/2020 | 7 | NOTICE OF APPEARANCE by Meredith Ivana Santana on behalf of Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC..(Santana, Meredith) (Entered: 06/01/2020) |
| 06/01/2020 | 8 | NOTICE OF APPEARANCE by John Moses Browning on behalf of Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC..(Browning, John) (Entered: 06/01/2020) |
| 06/01/2020 | 9 | NOTICE OF APPEARANCE by Elizabeth A. McNamara on behalf of Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC..(McNamara, Elizabeth) (Entered: 06/01/2020) |
| 06/02/2020 | | ***NOTICE TO ATTORNEY REGARDING CIVIL CASE OPENING STATISTICAL ERROR CORRECTION: Notice to attorney Elizabeth A. McNamara. The following case opening statistical information was erroneously selected/entered: County code Albany; Fee Status code due (due);. The following correction(s) have been made to your case entry: the County code has been modified to New York; the Fee Status code has been modified to pd (paid);. (jgo) (Entered: 06/02/2020) |
| 06/02/2020 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above–entitled action is assigned to Judge John G. Koeltl. Please download and review the Individual Practices of the assigned District Judge, located at |

|  |  | https://nysd.uscourts.gov/judges/district–judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf–related–instructions..(jgo) (Entered: 06/02/2020) |
| 06/02/2020 |  | Magistrate Judge Ona T. Wang is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018–06/AO–3.pdf. (jgo) (Entered: 06/02/2020) |
| 06/02/2020 |  | Case Designated ECF. (jgo) (Entered: 06/02/2020) |
| 06/02/2020 | 10 | ELECTRONIC SUMMONS ISSUED as to Internet Archive..(jgo) (Entered: 06/02/2020) |
| 06/02/2020 | 11 | AO 121 FORM COPYRIGHT – CASE OPENING – SUBMITTED. In compliance with the provisions of 17 U.S.C. 508, the Register of Copyrights is hereby advised that a court action has been filed on the following copyright(s) in the U.S. District Court Southern District of New York. Form e–mailed to Register of Copyrights..(jgo) (Entered: 06/02/2020) |
| 06/02/2020 |  | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT COPYRIGHT FORM. Notice to Attorney Elizabeth A. McNamara re: Document No. 4 AO 121 Form Copyright – Notice of Submission by Attorney. The filing is deficient for the following reason(s):. the Docket Number field on the AO 121 Copyright form was not completed by the attorney;. DO NOT re–file the form. The Court has corrected the deficiency/deficiencies.. (jgo)** (Entered: 06/02/2020) |
| 06/03/2020 | 12 | NOTICE OF APPEARANCE by Matthew Jan Oppenheim on behalf of Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC..(Oppenheim, Matthew) (Entered: 06/03/2020) |
| 06/25/2020 | 13 | MOTION for Joseph C. Gratz to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–20424699. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Internet Archive. (Attachments: # 1 Declaration of Joseph C. Gratz, # 2 Text of Proposed Order).(Gratz, Joseph) (Entered: 06/25/2020) |
| 06/25/2020 | 14 | LETTER MOTION for Extension of Time to File Answer re: 1 Complaint, addressed to Judge John G. Koeltl from Joseph C. Gratz dated 6/25/2020. Document filed by Internet Archive..(Gratz, Joseph) (Entered: 06/25/2020) |
| 06/25/2020 | 15 | MOTION for Aditya V. Kamdar to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Internet Archive. (Attachments: # 1 Declaration of Aditya V. Kamdar, # 2 Text of Proposed Order).(Kamdar, Aditya) (Entered: 06/25/2020) |
| 06/25/2020 |  | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 13 MOTION for Joseph C. Gratz to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–20424699. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (laq)** (Entered: 06/25/2020) |
| 06/25/2020 | 16 | MOTION for Corynne Marette McSherry to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–20424999. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Internet Archive. (Attachments: # 1 Affidavit, # 2 Exhibit CA Certificate of Good Standing, # 3 Text of Proposed Order).(McSherry, Corynne) (Entered: 06/25/2020) |
| 06/25/2020 | 17 | MOTION for Cara Lorraine Gagliano to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–20425151. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Internet Archive. (Attachments: # 1 Affidavit, # 2 Exhibit CA Certificate of Good Standing, # 3 Text of Proposed Order).(Gagliano, Cara) (Entered: 06/25/2020) |

| 06/26/2020 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 15 MOTION for Aditya V. Kamdar to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (laq)** (Entered: 06/26/2020) |
|---|---|---|
| 06/26/2020 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 16 MOTION for Corynne Marette McSherry to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–20424999. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (laq)** (Entered: 06/26/2020) |
| 06/26/2020 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 17 MOTION for Cara Lorraine Gagliano to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–20425151. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (laq)** (Entered: 06/26/2020) |
| 06/26/2020 | 18 | MOTION for Scott A. Zebrak to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–20445533. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC. (Attachments: # 1 Exhibit Certificates of Good Standing, # 2 Text of Proposed Order, # 3 Affidavit).(Oppenheim, Matthew) (Entered: 06/26/2020) |
| 06/26/2020 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE–FILE Document No. 18 MOTION for Scott A. Zebrak to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–20445533. Motion and supporting papers to be reviewed by Clerk's Office staff... The filing is deficient for the following reason(s): Affidavits not notarized. Re–file the motion as a Corrected Motion to Appear Pro Hac Vice – attach the correct signed PDF – select the correct named filer/filers – attach valid Certificates of Good Standing issued within the past 30 days – attach Proposed Order. (laq)** (Entered: 06/26/2020) |
| 06/26/2020 | 19 | MOTION for Jessica E. Lanier to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–20449160. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Internet Archive. (Attachments: # 1 Declaration of Jessica E. Lanier, # 2 Text of Proposed Order).(Lanier, Jessica) (Entered: 06/26/2020) |
| 06/26/2020 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 19 MOTION for Jessica E. Lanier to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–20449160. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (ad)** (Entered: 06/29/2020) |
| 06/29/2020 | 20 | ORDER granting 14 Letter Motion for Extension of Time to Answer. Application granted. SO ORDERED. (Signed by Judge John G. Koeltl on 6/29/2020) Internet Archive answer due 7/28/2020 (ks) (Entered: 06/29/2020) |
| 06/29/2020 | 21 | ORDER FOR ADMISSION PRO HAC VICE granting 13 Motion for Joseph C. Gratz to Appear Pro Hac Vice. (Signed by Judge John G. Koeltl on 6/29/2020) (ks) (Entered: 06/29/2020) |
| 06/29/2020 | 22 | ORDER FOR ADMISSION PRO HAC VICE granting 15 Motion for Aditya V. Kamdar to Appear Pro Hac Vice. (Signed by Judge John G. Koeltl on 6/29/2020) (ks) (Entered: 06/29/2020) |
| 06/29/2020 | 23 | ORDER granting 16 Motion for Corynne Marette McSherry to Appear Pro Hac Vice. (Signed by Judge John G. Koeltl on 6/29/2020) (ks) (Entered: 06/29/2020) |
| 06/29/2020 | 24 | ORDER granting 17 Motion for Cara L. Gagliano to Appear Pro Hac Vice. (Signed by Judge John G. Koeltl on 6/29/2020) (ks) (Entered: 06/29/2020) |
| 06/29/2020 | 25 | MOTION for Allyson R. Bennett to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Internet Archive. (Attachments: # 1 DECLARATION OF ALLYSON R. BENNETT IN SUPPORT OF MOTION FOR ADMISSION PRO HAC VICE, # 2 ORDER FOR ADMISSION PRO |

| | | |
|---|---|---|
| | | HAC VICE).(Bennett, Allyson) (Entered: 06/29/2020) |
| 06/29/2020 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice re: Document No. <u>25</u> MOTION for Allyson R. Bennett to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff.. The filing is deficient for the following reason(s): the filing fee was not paid;. Pay the filing fee using the event Pro Hac Vice Fee Payment found under the event list Other Documents. (ad)** (Entered: 06/30/2020) |
| 06/29/2020 | | Pro Hac Vice Fee Due: for <u>25</u> MOTION for Allyson R. Bennett to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff..** (ad) (Entered: 06/30/2020) |
| 06/29/2020 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. <u>25</u> MOTION for Allyson R. Bennett to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (ad)** (Entered: 07/01/2020) |
| 06/30/2020 | | Pro Hac Vice Fee Payment: for <u>25</u> MOTION for Allyson R. Bennett to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff..** Filing fee $ 200.00, receipt number ANYSDC–20485809..(Bennett, Allyson) (Entered: 06/30/2020) |
| 07/03/2020 | <u>26</u> | AFFIDAVIT OF SERVICE. Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC..(Santana, Meredith) (Entered: 07/03/2020) |
| 07/03/2020 | <u>27</u> | ORDER FOR ADMISSION PRO HAC VICE granting <u>19</u> Motion for Jessica E. Lanier to Appear Pro Hac Vice. (Signed by Judge John G. Koeltl on 7/3/2020) (rro) (Entered: 07/06/2020) |
| 07/03/2020 | <u>28</u> | ORDER FOR ADMISSION PRO HAC VICE granting <u>25</u> Motion for Allyson R. Bennett to Appear Pro Hac Vice. (Signed by Judge John G. Koeltl on 7/3/2020) (rro) (Entered: 07/06/2020) |
| 07/06/2020 | <u>29</u> | NOTICE OF APPEARANCE by Scott A. Zebrak on behalf of Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC..(Zebrak, Scott) (Entered: 07/06/2020) |
| 07/07/2020 | <u>30</u> | MOTION for Christopher Cody Walsh to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–20585342. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Internet Archive. (Attachments: # <u>1</u> Affidavit, # <u>2</u> Exhibit Mass. Certificate of Good Standing, # <u>3</u> Exhibit CA Certificate of Good Standing, # <u>4</u> Text of Proposed Order).(Walsh, Kit) (Entered: 07/07/2020) |
| 07/07/2020 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. <u>30</u> MOTION for Christopher Cody Walsh to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–20585342. Motion and supporting papers to be reviewed by Clerk's Office staff. The document has been reviewed and there are no deficiencies. (aea)** (Entered: 07/07/2020) |
| 07/24/2020 | <u>31</u> | ORDER granting <u>30</u> Motion for Christopher Cody Walsh to Appear Pro Hac Vice. (Signed by Judge John G. Koeltl on 7/23/2020) (ks) (Entered: 07/24/2020) |
| 07/28/2020 | <u>32</u> | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Internet Archive..(Gratz, Joseph) (Entered: 07/28/2020) |
| 07/28/2020 | <u>33</u> | ANSWER to <u>1</u> Complaint, with JURY DEMAND. Document filed by Internet Archive..(Gratz, Joseph) (Entered: 07/28/2020) |
| 08/13/2020 | <u>34</u> | ORDER. The parties should submit a Rule 26(f) report by August 28, 2020. SO ORDERED. (Signed by Judge John G. Koeltl on 8/13/20) (yv) (Entered: 08/14/2020) |
| 08/28/2020 | <u>35</u> | RULE 26(f) DISCOVERY PLAN REPORT.Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, Penguin Random House LLC..(McNamara, Elizabeth) (Entered: 08/28/2020) |
| 09/01/2020 | <u>36</u> | CIVIL SCHEDULING ORDER: The parties shall be ready for trial on 48 hours notice on or after 11/12/2021. The parties will notify the Court by 12/01/2020 whether a |

| | | reference to the Magistrate Judge would be useful for purposes of settlement and whether they consent to trial before the Magistrate Judge. Dispositive Motions due 10/8/2021. Motions due by 10/29/2021. Discovery due by 9/20/2021. (Signed by Judge John G. Koeltl on 8/31/2020) (nb) (Entered: 09/01/2020) |
|---|---|---|
| 10/08/2020 | 37 | PROPOSED STIPULATION AND ORDER. Document filed by Internet Archive..(Gratz, Joseph) (Entered: 10/08/2020) |
| 10/08/2020 | 38 | PROPOSED PROTECTIVE ORDER. Document filed by Internet Archive..(Gratz, Joseph) (Entered: 10/08/2020) |
| 10/08/2020 | 39 | STIPULATION AND PROTECTIVE ORDER:...regarding procedures to be followed that shall govern the handling of confidential material. This Order is not binding on the Court or Court Personnel. The Court reserves the right to amend it at any time. SO ORDERED. (Signed by Judge John G. Koeltl on 10/08/2020) (ama) (Entered: 10/08/2020) |
| 10/08/2020 | 40 | JOINT STIPULATION AND ORDER SETTING DISCOVERY DEADLINES: NOW, THEREFORE, the parties jointly stipulate to the following supplemental discovery deadlines: Deadline to complete fact discovery May 21, 2021; Deadline to complete expert disclosures on issues where parties bear burden of proof July 6, 2021; Deadline to serve rebuttal expert disclosures August 20, 2021. SO ORDERED. (Fact Discovery due by 5/21/2021.) (Signed by Judge John G. Koeltl on 10/8/2020) (jca) (Entered: 10/08/2020) |
| 12/01/2020 | 41 | JOINT LETTER addressed to Judge John G. Koeltl from Elizabeth A. McNamara dated December 1, 2020 re: September 1, 2020 Civil Scheduling Order (ECF No. 36 ). Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC..(McNamara, Elizabeth) (Entered: 12/01/2020) |
| 12/21/2020 | 42 | NOTICE OF APPEARANCE by Jesse Feitel on behalf of Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC..(Feitel, Jesse) (Entered: 12/21/2020) |
| 04/05/2021 | 43 | JOINT LETTER MOTION for Extension of Time to Complete Discovery addressed to Judge John G. Koeltl from Elizabeth A. McNamara dated 4/5/2021. Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC. (Attachments: # 1 (Proposed) Order).(McNamara, Elizabeth) (Entered: 04/05/2021) |
| 04/06/2021 | 44 | REVISED SCHEDULING ORDER granting 43 Motion for Extension of Time to Complete Discovery. After reviewing the Letter Motion dated April 2, 2021 and for good cause shown, the Court hereby orders that the following schedule will govern this civil action: Fact Depositions due by 9/24/2021. Discovery due by 1/21/2022. Motions due by 2/22/2022. Response due by 3/31/2022. Reply due by 4/22/2022. SO ORDERED. (Signed by Judge John G. Koeltl on 4/6/2021) (ks) (Entered: 04/06/2021) |
| 05/11/2021 | 45 | MOTION for Moon Hee Lee to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC−24526245. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Internet Archive. (Attachments: # 1 Affidavit of Moon Hee Lee, # 2 Exhibit A (Certificate of Good Standing), # 3 Text of Proposed Order).(Lee, Moon Hee) (Entered: 05/11/2021) |
| 05/12/2021 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 45 MOTION for Moon Hee Lee to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC−24526245. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 05/12/2021) |
| 05/12/2021 | 46 | ORDER FOR ADMISSION PRO HAC VICE granting 45 Motion for Moon Hee Lee to Appear Pro Hac Vice. (Signed by Judge John G. Koeltl on 5/12/2021) (ks) (Entered: 05/12/2021) |
| 08/09/2021 | 47 | LETTER MOTION for Local Rule 37.2 Conference addressed to Judge John G. Koeltl from Joseph C. Gratz dated August 9, 2021. Document filed by Internet Archive..(Gratz, Joseph) (Entered: 08/09/2021) |

| | | |
|---|---|---|
| 08/09/2021 | 48 | ORDER OF REFERENCE TO A MAGISTRATE JUDGE: Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for Motion/ Dispute: * ECF. No. 47. Referred to Magistrate Judge Ona T. Wang. SO ORDERED. Motions referred to Ona T. Wang. (Signed by Judge John G. Koeltl on 8/09/2021) (ama) (Entered: 08/09/2021) |
| 08/12/2021 | 49 | LETTER RESPONSE to Motion addressed to Magistrate Judge Ona T. Wang from Elizabeth A. McNamara dated August 12, 2021 re: 47 LETTER MOTION for Local Rule 37.2 Conference addressed to Judge John G. Koeltl from Joseph C. Gratz dated August 9, 2021. . Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC..(McNamara, Elizabeth) (Entered: 08/12/2021) |
| 09/07/2021 | 50 | JOINT LETTER MOTION for Extension of Time to Complete Discovery *(Second Revised Scheduling Order annexed),* addressed to Judge John G. Koeltl from Elizabeth A. McNamara dated September 7, 2021. Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC. (Attachments: # 1 Text of Proposed Order (Revised Scheduling Order)).(McNamara, Elizabeth) (Entered: 09/07/2021) |
| 09/08/2021 | 51 | REVISED SCHEDULING ORDER granting 50 Letter Motion for Extension of Time to Complete Discovery. Deadline to complete fact depositions (close of fact discovery) Friday December 17, 2021. Briefs in opposition to dispositive motions due Friday June 10, 2022. Reply briefs in further support of dispositive motions due Friday July 8, 2022. Discovery due by 4/1/2021. Motions due by 4/29/2022. SO ORDERED. (Signed by Judge John G. Koeltl on 9/8/2021) (mml) (Entered: 09/08/2021) |
| 09/08/2021 | | Set/Reset Deadlines: Deposition due by 12/17/2021. Fact Discovery due by 12/17/2021. Responses due by 6/10/2022 Replies due by 7/8/2022. (mml) (Entered: 09/08/2021) |
| 10/01/2021 | 52 | MOTION for Annie A. Lee to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–25139940. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Internet Archive. (Attachments: # 1 Affidavit of Annie A. Lee in Support of Motion for Admission Pro Hac Vice, # 2 Exhibit A to Affidavit of Annie A. Lee in Support of Motion for Admission Pro Hac Vice, # 3 Proposed Order for Admission Pro Hac Vice).(Lee, Annie) (Entered: 10/01/2021) |
| 10/04/2021 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 52 MOTION for Annie A. Lee to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–25139940. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bcu)** (Entered: 10/04/2021) |
| 10/04/2021 | 53 | ORDER FOR ADMISSION PRO HAC VICE: granting 52 Motion for Annie A. Lee to Appear Pro Hac Vice. (Signed by Judge John G. Koeltl on 10/04/2021) (ama) (Entered: 10/04/2021) |
| 10/29/2021 | 54 | LETTER MOTION for Local Rule 37.2 Conference addressed to Judge John G. Koeltl from Joseph C. Gratz dated 10/29/2021. Document filed by Internet Archive..(Gratz, Joseph) (Entered: 10/29/2021) |
| 11/01/2021 | 55 | AMENDED ORDER OF REFERENCE TO A MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for General Pretrial (includes scheduling, discovery, non–dispositive pretrial motions, and settlement). Referred to Magistrate Judge Ona T. Wang. Motions referred to Ona T. Wang. SO ORDERED. (Signed by Judge John G. Koeltl on 11/1/2021) (ks) (Entered: 11/01/2021) |
| 11/03/2021 | 56 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Ona T. Wang from Scott A. Zebrak dated November 3, 2021 re: 54 LETTER MOTION for Local Rule 37.2 Conference addressed to Judge John G. Koeltl from Joseph C. Gratz dated 10/29/2021. . Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC..(Zebrak, Scott) (Entered: 11/03/2021) |
| 11/04/2021 | 57 | ORDER: The Court is in receipt of Defendants requests for pre–motion discovery conferences regarding motions to compel and Plaintiffs corresponding oppositions. |

|  |  | (ECF 47, 49, 54, 56). The parties are directed to appear for an in–person status conference on December 2, 2021 at 4:00 pm in Courtroom 20D, United States Courthouse, 500 Pearl Street, New York, New York 10007. Status Conference set for 12/2/2021 at 04:00 PM in Courtroom 20D, 500 Pearl Street, New York, NY 10007 before Magistrate Judge Ona T. Wang. (Signed by Magistrate Judge Ona T. Wang on 11/4/2021) (rro) (Entered: 11/04/2021) |
|---|---|---|
| 11/19/2021 | 58 | LETTER MOTION for Local Rule 37.2 Conference addressed to Judge John G. Koeltl from Scott Zebrak dated 11/19/2021. Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC..(Zebrak, Scott) (Entered: 11/19/2021) |
| 11/24/2021 | 59 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Ona T. Wang from Joseph C. Gratz dated November 24, 2021 re: 58 LETTER MOTION for Local Rule 37.2 Conference addressed to Judge John G. Koeltl from Scott Zebrak dated 11/19/2021. . Document filed by Internet Archive..(Gratz, Joseph) (Entered: 11/24/2021) |
| 12/02/2021 |  | Minute Entry for proceedings held before Magistrate Judge Ona T. Wang: Status Conference held on 12/2/2021. (Quinn, Diane) (Entered: 12/15/2021) |
| 12/03/2021 | 60 | ORDER: As ordered at the December 2, 2021 conference, the parties are directed to meet and confer to resolve the disputes raised at the conference and update the Court via joint status letter, due January 14, 2022, on the status of discovery and whether any disputes remain. The fact discovery end date is extended to January 31, 2022. SO ORDERED. ( Fact Discovery due by 1/31/2022.) (Signed by Magistrate Judge Ona T. Wang on 12/3/2021) (rro) (Entered: 12/03/2021) |
| 12/22/2021 | 61 | NOTICE OF APPEARANCE by Carl Mazurek on behalf of Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC..(Mazurek, Carl) (Entered: 12/22/2021) |
| 12/24/2021 | 62 | TRANSCRIPT of Proceedings re: CONFERENCE held on 12/2/2021 before Magistrate Judge Ona T. Wang. Court Reporter/Transcriber: Raquel Robles, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/14/2022. Redacted Transcript Deadline set for 1/24/2022. Release of Transcript Restriction set for 3/24/2022..(Moya, Goretti) (Entered: 12/24/2021) |
| 12/24/2021 | 63 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 12/2/21 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(Moya, Goretti) (Entered: 12/24/2021) |
| 01/06/2022 | 64 | **FILING ERROR – DEFICIENT DOCKET ENTRY –** MOTION for Danae Tinelli to Appear Pro Hac Vice *for Plaintiffs*. Filing fee $ 200.00, receipt number ANYSDC–25548068. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC. (Attachments: # 1 Text of Proposed Order Order for Admission Pro Hac Vice).(Tinelli, Danae) Modified on 1/7/2022 (bcu). (Entered: 01/06/2022) |
| 01/06/2022 | 65 | DECLARATION of Danae Tinelli in Support re: 64 MOTION for Danae Tinelli to Appear Pro Hac Vice *for Plaintiffs*. Filing fee $ 200.00, receipt number ANYSDC–25548068. **Motion and supporting papers to be reviewed by Clerk's Office staff..** Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC. (Attachments: # 1 Exhibit Certificates of Good Standing).(Tinelli, Danae) (Entered: 01/06/2022) |
| 01/07/2022 |  | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE–FILE Document No. 64 MOTION for Danae Tinelli to Appear Pro Hac Vice *for Plaintiffs*. Filing fee $ 200.00, receipt number ANYSDC–25548068. Motion and supporting papers to be reviewed by Clerk's** |

| | | |
|---|---|---|
| | | **Office staff... The filing is deficient for the following reason(s): missing Certificate of Good Standing from Superem Court of New York and the District of Columbia;. Re–file the motion as a Motion to Appear Pro Hac Vice – attach the correct signed PDF – select the correct named filer/filers – attach valid Certificates of Good Standing issued within the past 30 days – attach Proposed Order.. (bcu)** (Entered: 01/07/2022) |
| 01/07/2022 | 66 | MOTION for Danae Tinelli to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC. (Attachments: # 1 Exhibit Certificates of Good Standing, # 2 Text of Proposed Order).(Tinelli, Danae) (Entered: 01/07/2022) |
| 01/07/2022 | 67 | ORDER FOR ADMISSION PRO HAC VICE granting 66 Motion for Danae Tinelli to Appear Pro Hac Vice. (Signed by Judge John G. Koeltl on 1/7/2022) (ks) (Entered: 01/07/2022) |
| 01/10/2022 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 66 MOTION for Danae Tinelli to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (aea)** (Entered: 01/10/2022) |
| 01/14/2022 | 68 | JOINT LETTER addressed to Magistrate Judge Ona T. Wang from Elizabeth A. McNamara dated January 14, 2022 re: Status Report concerning the discovery disputes before the Court. Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC. (Attachments: # 1 Exhibit A (Current Scheduling Order), # 2 Exhibit B (Proposed Scheduling Order)).(McNamara, Elizabeth) (Entered: 01/14/2022) |
| 01/21/2022 | 69 | ORDER re: 58 LETTER MOTION for Local Rule 37.2 Conference addressed to Judge John G. Koeltl from Scott Zebrak dated 11/19/2021. filed by John Wiley & Sons, Inc., Penguin Random House LLC, HarperCollins Publishers LLC, Hachette Book Group, Inc. ECF 58 letter Motion denied as moot. Clerks office is to remove gavel. (HEREBY ORDERED by Magistrate Judge Ona T. Wang) (Text Only Order) (Quinn, Diane) (Entered: 01/21/2022) |
| 01/21/2022 | 70 | REVISED SCHEDULING ORDER: After reviewing the Joint Letter dated January 14, 2022 and for good cause shown, the Court hereby orders that the following schedule will govern this civil action: Deadline to complete fact depositions (close of fact discovery): 1/31/2022. End of all discovery, including expert depositions: 6/10/2022. Deadline for dispositive motions: 7/7/2022. Filings in opposition to dispositive motions due.: 9/2/2022. Reply filings in further support of dispositive motions due: 10/7/2022. ( Deposition due by 6/10/2022., Discovery due by 6/10/2022., Fact Discovery due by 1/31/2022., Motions due by 7/7/2022., Responses due by 9/2/2022, Replies due by 10/7/2022.) (Signed by Magistrate Judge Ona T. Wang on 1/21/2022) (rro) Modified on 1/26/2022 (rro). (Entered: 01/21/2022) |
| 01/31/2022 | 71 | **FILING ERROR – DEFICIENT DOCKET ENTRY** – MOTION for Rebecca Weissman to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–25661323. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC. (Attachments: # 1 Certificates of Good Standing, # 2 Text of Proposed Order Order for Admission).(Weissman, Rebecca) Modified on 2/1/2022 (bcu). (Entered: 01/31/2022) |
| 01/31/2022 | 72 | DECLARATION of Rebecca Weissman in Support re: 71 MOTION for Rebecca Weissman to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–25661323. **Motion and supporting papers to be reviewed by Clerk's Office staff..** Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC. (Attachments: # 1 Certificates of Good Standing).(Weissman, Rebecca) (Entered: 01/31/2022) |
| 02/01/2022 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE–FILE Document No. 71 MOTION for Rebecca Weissman to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–25661323. Motion and supporting papers to be reviewed by Clerk's Office staff... The filing is deficient for the following reason(s): missing Certificate of Good Standing from** |

| | | **Supreme Court of California. We do not accept certificates from state bar for this state.; Notarized Attorney Affidavit missing.;. Re–file the motion as a Motion to Appear Pro Hac Vice – attach the correct signed PDF – select the correct named filer/filers – attach valid Certificates of Good Standing issued within the past 30 days – attach Proposed Order.. (bcu)** (Entered: 02/01/2022) |
|---|---|---|
| 02/15/2022 | 73 | MOTION for Rebecca Eve Weissman to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC. (Attachments: # 1 Attorney Affidavit, # 2 Certificates of Good Standing, # 3 Text of Proposed Order proposed Order).(Weissman, Rebecca) (Entered: 02/15/2022) |
| 02/16/2022 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 73 MOTION for Rebecca Eve Weissman to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bcu)** (Entered: 02/16/2022) |
| 02/26/2022 | 74 | ORDER FOR ADMISSION PRO HAC VICE granting 73 Motion for Rebecca Eve Weissman to Appear Pro Hac Vice. IT IS HEREBY ORDERED that Applicant is admitted to practice pro hac vice in the above–captioned case in the United States District Court for the Southern District of New York. All attorneys appearing before this Court are subject to the Local Rules of this Court, including the rules governing discipline of attorneys. (Signed by Judge John G. Koeltl on 2/26/2022) (mml) (Entered: 02/28/2022) |
| 03/14/2022 | 75 | NOTICE of of Withdrawal of Counsel Moon Hee Lee. Document filed by Internet Archive..(Gratz, Joseph) (Entered: 03/14/2022) |
| 03/15/2022 | 76 | MEMO ENDORSEMENT on NOTICE OF WITHDRAWAL OF COUNSEL on re: 75 Notice (Other) filed by Internet Archive, ENDORSEMENT: APPLICATION GRANTED. SO ORDERED. (Signed by Judge John G. Koeltl on 3/15/2022) Attorney Moon Hee Lee terminated. (ks) (Entered: 03/15/2022) |
| 06/02/2022 | 77 | MOTION for Rebecca Weissman to Withdraw as Attorney *for Plaintiffs*. Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC. Return Date set for 6/2/2022 at 12:00 PM. (Attachments: # 1 Text of Proposed Order Permitting Withdrawal and Termination).(Weissman, Rebecca) (Entered: 06/02/2022) |
| 06/03/2022 | 78 | ORDER PERMITTING WITHDRAW AL AND TERMINATING APPEARANCE OF REBECCA E. WEISSMAN granting 77 Motion to Withdraw as Attorney. IT IS HEREBY ORDERED THAT the appearance of Rebecca E. Weissman in this matter is terminated. IT IS FURTHER ORDERED THAT the Clerk of Court shall remove Rebecca E. Weissman from the docket in this matter. It is SO ORDERED.. (Signed by Judge John G. Koeltl on 6/3/2022) Attorney Rebecca Weissman terminated (ks) (Entered: 06/03/2022) |
| 06/09/2022 | 79 | LETTER MOTION for Conference addressed to Judge John G. Koeltl from Joseph C. Gratz dated June 9, 2022. Document filed by Internet Archive..(Gratz, Joseph) (Entered: 06/09/2022) |
| 06/10/2022 | 80 | ORDER terminating 79 Letter Motion for Conference re: 79 LETTER MOTION for Conference addressed to Judge John G. Koeltl from Joseph C. Gratz dated June 9, 2022. The defendant may proceed with the summary Judgement on the schedule set by M.J. Wang and with the word count requested, although the Court seriously questions whether the requested word count is necessary. SO ORDERED.. (Signed by Judge John G. Koeltl on 6/10/2022) (ks) (Entered: 06/10/2022) |
| 06/10/2022 | 81 | LETTER MOTION for Conference *Re: Pre–Motion Conference Letter for Plaintiffs' anticipated Motion for Summary Judgment,* addressed to Judge John G. Koeltl from Elizabeth A. McNamara dated June 10, 2022. Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC..(McNamara, Elizabeth) (Entered: 06/10/2022) |
| 06/10/2022 | 82 | ORDER terminating 81 Letter Motion for Conference re: 81 LETTER MOTION for Conference *Re: Pre–Motion Conference Letter for Plaintiffs' anticipated Motion for* |

| | | *Summary Judgment,* addressed to Judge John G. Koeltl from Elizabeth A. McNamara dated June 10, 2022. The plaintiffs may proceed with a motion for summary judgement on the same schedule and with the same word counts that the Court has afforded the defendant, and with the same caution that the Court doubts the need for such lengthy papers. SO ORDERED.. (Signed by Judge John G. Koeltl on 6/10/2022) (ks) (Entered: 06/10/2022) |
|---|---|---|
| 06/14/2022 | 83 | ORDER PERMITTING WITHDRAWAL AND TERMINATING APPEARANCE OF REBECCA E. WEISSMAN: The appearance of Rebecca E. Weissman in this matter is terminated. The Clerk of Court shall remove Rebecca E. Weissman from the docket in this matter. (Signed by Magistrate Judge Ona T. Wang on 6/14/2022) (tro) (Entered: 06/14/2022) |
| 06/30/2022 | 84 | ORDER: The Court received the attached letter, which it forwards to the parties. SO ORDERED. (Signed by Judge John G. Koeltl on 6/29/2022) (ks) (Entered: 06/30/2022) |
| 07/01/2022 | 85 | JOINT LETTER MOTION to Seal *Re: The parties' respective cross−motions for summary judgment,* addressed to Judge John G. Koeltl from Elizabeth A. McNamara dated July 1, 2022. Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC..(McNamara, Elizabeth) (Entered: 07/01/2022) |
| 07/05/2022 | 86 | ORDER granting 85 Letter Motion to Seal. APPLICATION GRANTED. SO ORDERED. (Signed by Judge John G. Koeltl on 7/5/2022) (tg) (Entered: 07/05/2022) |
| 07/07/2022 | 87 | MOTION for Summary Judgment *against Internet Archive with respect to the causes of action set forth in the Complaint.* Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC. Responses due by 9/2/2022.(McNamara, Elizabeth) (Entered: 07/07/2022) |
| 07/07/2022 | 88 | LETTER MOTION for Oral Argument *Re: 87 Motion for Summary Judgment against Internet Archive with respect to the causes of action set forth in the Complaint,* addressed to Judge John G. Koeltl from Elizabeth A. McNamara dated July 7, 2022. Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC..(McNamara, Elizabeth) (Entered: 07/07/2022) |
| 07/07/2022 | 89 | DECLARATION of Sandra Cisneros in Support re: 87 MOTION for Summary Judgment *against Internet Archive with respect to the causes of action set forth in the Complaint..* Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC..(McNamara, Elizabeth) (Entered: 07/07/2022) |
| 07/07/2022 | 90 | DECLARATION of Ian Foster in Support re: 87 MOTION for Summary Judgment *against Internet Archive with respect to the causes of action set forth in the Complaint..* Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC. (Attachments: # 1 Appendix A (full curriculum vitae), # 2 Exhibit 1 (Assoc. of works in suit), # 3 Exhibit 2 (Max acutal loans), # 4 Exhibit 3 (Total loans), # 5 Exhibit 4 (ISBNs), # 6 Exhibit 4A (ISBNs), # 7 Exhibit 5 (Number of additions), # 8 Exhibit 5A (Number of additions), # 9 Exhibit 6 (max actual concurrent loans)).(McNamara, Elizabeth) (Entered: 07/07/2022) |
| 07/07/2022 | 91 | DECLARATION of Tracy Offner in Support re: 87 MOTION for Summary Judgment *against Internet Archive with respect to the causes of action set forth in the Complaint..* Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC. (Attachments: # 1 Exhibit A (Book list), # 2 Exhibit B (IA details), # 3 Exhibit C (Openlibrary_work pages), # 4 Exhibit D (About the book pages), # 5 Exhibit E (Borrow pages), # 6 Exhibit F (Front covers), # 7 Exhibit G (Digitization pages), # 8 Exhibit H (Book rights pages), # 9 Exhibit I (Book title pages), # 10 Exhibit J (Pages 32), # 11 Exhibit K (Last book pages)).(McNamara, Elizabeth) (Entered: 07/07/2022) |
| 07/07/2022 | 92 | DECLARATION of Ben Sevier in Support re: 87 MOTION for Summary Judgment *against Internet Archive with respect to the causes of action set forth in the Complaint..* Document filed by Hachette Book Group, Inc., HarperCollins Publishers |

| | | |
|---|---|---|
| | | LLC, John Wiley & Sons, Inc., Penguin Random House LLC. (Attachments: # 1 Exhibit 1 (HACHETTE0012376), # 2 Exhibit 2 (HACHETTE0012377), # 3 Exhibit 3 (HACHETTE0002473), # 4 Exhibit 4 (HACHETTE0010909), # 5 Exhibit 5 (HACHETTE0010980), # 6 Exhibit 6 (HACHETTE0010973), # 7 Exhibit 7 (HACHETTE0002476), # 8 Exhibit 8 (Jorgensen rpt excerpts), # 9 Exhibit 9 (INTARC00328780)).(McNamara, Elizabeth) (Entered: 07/07/2022) |
| 07/07/2022 | 93 | DECLARATION of Alan Pavese in Support re: 87 MOTION for Summary Judgment *against Internet Archive with respect to the causes of action set forth in the Complaint.*. Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC. (Attachments: # 1 Exhibit 1 (WILEY0000344, WILEY0000349, WILEY0000444), # 2 Exhibit 2 (WILEY0011723), # 3 Exhibit 3 (WILEY0005650), # 4 Exhibit 4 (WILEY0011641), # 5 Exhibit 5 (WILEY0006143), # 6 Exhibit 6 (WILEY0011693), # 7 Exhibit 7 (WILEY0011694)).(McNamara, Elizabeth) (Entered: 07/07/2022) |
| 07/07/2022 | 94 | DECLARATION of Chantal Restivo–Alessi in Support re: 87 MOTION for Summary Judgment *against Internet Archive with respect to the causes of action set forth in the Complaint.*. Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC. (Attachments: # 1 Exhibit 1 (HC0030132), # 2 Exhibit 2 (HC0036522), # 3 Exhibit 3 (Amazon.com Help_ Kindle Store Terms of Use), # 4 Exhibit 4 (HC0011426), # 5 Exhibit 5 (HC0036464), # 6 Exhibit 6 (HC0036520), # 7 Exhibit 7 (Hildreth Report Excerpt), # 8 Exhibit 8 (INTAR00151363), # 9 Exhibit 9 (INTARC00354190), # 10 Exhibit 10 (INTARC00142194), # 11 Exhibit 11 (INTARC466104)).(McNamara, Elizabeth) (Entered: 07/07/2022) |
| 07/07/2022 | 95 | DECLARATION of Jeffrey Weber in Support re: 87 MOTION for Summary Judgment *against Internet Archive with respect to the causes of action set forth in the Complaint.*. Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC. (Attachments: # 1 Exhibit 1 (PRH0072244), # 2 Exhibit 2 (PRH0058941), # 3 Exhibit 3 (Nat'l survey), # 4 Exhibit 4 (OverDrive Press Releas), # 5 Exhibit 5 (PRH0072294), # 6 Exhibit 6 (PRH0052943), # 7 Exhibit 7 (OL web page), # 8 Exhibit 8 (For the love of literacy), # 9 Exhibit 9 (Temp NEL closes), # 10 Exhibit 10 (Jorgensen Rpt Ex.), # 11 Exhibit 11 (Jorgensen rpt excerpts), # 12 Exhibit 12 (PRH0072389), # 13 Exhibit 13 (INTARC00142017 – part 1), # 14 Exhibit 13 (INTARC00142017 – part 2), # 15 Exhibit 13 (INTARC00142017 – part 3), # 16 Exhibit 13 (INTARC00142017 – part 4), # 17 Exhibit 13 (INTARC00142017 – part 5), # 18 Exhibit 14 (PRH0072194), # 19 Exhibit 15 (Kindle store terms), # 20 Exhibit 16 (PLAINTIFFS0001005), # 21 Exhibit 17 (Wired article), # 22 Exhibit 18 (PRH0007011), # 23 Exhibit 19 (PRH0067413), # 24 Exhibit 20 (PRH0072195), # 25 Exhibit 21 (PRH0007002), # 26 Exhibit 22 (PRH0006999), # 27 Exhibit 23 (PRH0007008), # 28 Exhibit 24 (PRH0072384), # 29 Exhibit 25 (PRH0068803), # 30 Exhibit 26 (Dye deposition excerpts)).(McNamara, Elizabeth) (Entered: 07/07/2022) |
| 07/07/2022 | 96 | DECLARATION of Elizabeth A. McNamara in Support re: 87 MOTION for Summary Judgment *against Internet Archive with respect to the causes of action set forth in the Complaint.*. Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC. (Attachments: # 1 Exhibit 1 (Complaint), # 2 Exhibit 2 (Answer), # 3 Exhibit 3 (Books to Borrow), # 4 Exhibit 4 (Cheng Declaration), # 5 Exhibit 5 (Kahle deposition excerpts), # 6 Exhibit 6 (users page), # 7 Exhibit 7 (Freeland deposition excerpts), # 8 Exhibit 8 (INTARC00445486), # 9 Exhibit 9 ( IA responds to publishers law suit), # 10 Exhibit 10 (INTARC00138760), # 11 Exhibit 11 (Reimers deposition excerpts), # 12 Exhibit 12 (openlibrary.org home page), # 13 Exhibit 13 (Gibbs deposition excerpts), # 14 Exhibit 14 (1 hr limit complaints), # 15 Exhibit 15 (Borrowing From The Lending Library), # 16 Exhibit 16 (loans renewable every hour), # 17 Exhibit 17 (Exhibit A to Cplt), # 18 Exhibit 18 (Stipulation Regarding Undisputed Facts), # 19 Exhibit 19 (Hildreth deposition excerpts), # 20 Exhibit 20 (Potash deposition excerpts), # 21 Exhibit 21 (checkout data), # 22 Exhibit 22 (Book data), # 23 Exhibit 23 (IMLS stats), # 24 Exhibit 24 (Cheng deposition excerpts), # 25 Exhibit 25 (IA's Resp. to Pltfs' RFAs), # 26 Exhibit 26 (Hildreth Expert Report – part 1), # 27 Exhibit 26 (Hildreth Expert Report – part 2), # 28 Exhibit 27 (INTARC00142017 – part 1), # 29 Exhibit 27 (INTARC00142017 – part 2), # 30 Exhibit 27 (INTARC00142017 – |

part 3), # 31 Exhibit 27 (INTARC00142017 – part 4), # 32 Exhibit 27 (INTARC00142017 – part 5), # 33 Exhibit 28 (INTARC00153397), # 34 Exhibit 29 (INTARC00391312), # 35 Exhibit 30 (INTARC00405932), # 36 Exhibit 31 (Reminiscences of a stock operator), # 37 Exhibit 32 (INTARC00165712), # 38 Exhibit 33 (PRH0052627), # 39 Exhibit 34 (PRH0052629), # 40 Exhibit 35 (INTARC00462005), # 41 Exhibit 36a ( INTARC00322407), # 42 Exhibit 36b (INTARC00322581), # 43 Exhibit 36c (INTARC00323031), # 44 Exhibit 37 (INTARC00463590), # 45 Exhibit 38 (INTARC00409223 – part 1), # 46 Exhibit 38 (INTARC00409223 – part 2), # 47 Exhibit 38 (INTARC00409223 – part 3), # 48 Exhibit 39 (INTARC00165266), # 49 Exhibit 40 (INTARC00405737), # 50 Exhibit 41 (Ken Kesey), # 51 Exhibit 42 (INTARC00167070), # 52 Exhibit 43 (Rachael treasure – search), # 53 Exhibit 44 (2019 990–PF Kahle–Austin Foundation), # 54 Exhibit 45 (Cressaty deposition excerpts), # 55 Exhibit 46 (INTARC00151083 – part 1), # 56 Exhibit 46 (INTARC00151083 – part 2), # 57 Exhibit 46 (INTARC00151083 – part 3), # 58 Exhibit 46 (INTARC00151083 – part 4), # 59 Exhibit 46 (INTARC00151083 – part 5), # 60 Exhibit 46 (INTARC00151083 – part 6), # 61 Exhibit 46 (INTARC00151083 – part 7), # 62 Exhibit 46 (INTARC00151083 – part 8), # 63 Exhibit 47 (About Internet Archive), # 64 Exhibit 48 (INTARC00390085), # 65 Exhibit 49 (PLAINTIFFS0001109), # 66 Exhibit 50 (Zdnet article), # 67 Exhibit 51 (NYT Article), # 68 Exhibit 52 (ebook lending program launched), # 69 Exhibit 53 (INTARC00471120), # 70 Exhibit 54 (Let's Build a Great Digital Library Together), # 71 Exhibit 55 (Internet Archive's Modern Book Collection), # 72 Exhibit 56 (The Guardian article), # 73 Exhibit 57 (Table Top Scribe System), # 74 Exhibit 58 (Mills deposition excerpts), # 75 Exhibit 59 (INTARC00421456), # 76 Exhibit 60 (INTARC00137278), # 77 Exhibit 61 (INTARC00151080), # 78 Exhibit 62 (INTARC00353569), # 79 Exhibit 63 (Digitize your collections), # 80 Exhibit 64 (Most 20th Century Books Unavailable), # 81 Exhibit 65 (Library Genesis), # 82 Exhibit 66 (INTARC00393109), # 83 Exhibit 67 (CNBC – Plagiarism is rampant in China), # 84 Exhibit 68 (Digitization Saves Marygrove College Library), # 85 Exhibit 69 (Marygrove College Library), # 86 Exhibit 70 (Calculating the True Value of A Library that is Free), # 87 Exhibit 71 (Pineapple Fund Gifts $1M in Bitcoin), # 88 Exhibit 72 (INTARC00142757), # 89 Exhibit 73 (INTARC00142715), # 90 Exhibit 74 (OLRs 2019 Form 990), # 91 Exhibit 75 (INTARC00136985), # 92 Exhibit 76 (BWB Home page), # 93 Exhibit 77 (Patton–Schmitt testimony), # 94 Exhibit 78 (About Better World Books), # 95 Exhibit 79 (INTARC00388928), # 96 Exhibit 80 (INTARC00391222), # 97 Exhibit 81 (INTARC00414923), # 98 Exhibit 82 (INTARC00413052), # 99 Exhibit 83 (INTARC00395793), # 100 Exhibit 84 (INTARC00397105), # 101 Exhibit 85 (INTARC00397183), # 102 Exhibit 86 (BWB_000255), # 103 Exhibit 87 (BWB_00277), # 104 Exhibit 88 (INTARC00429628), # 105 Exhibit 89 (For the Love of Literacy), # 106 Exhibit 90 (BWB_000249), # 107 Exhibit 91 (BWB Borrow Option), # 108 Exhibit 92 (BWB links to IA ebooks), # 109 Exhibit 93 (IA links to BWB), # 110 Exhibit 94 (Wikipedia), # 111 Exhibit 95 (BWB), # 112 Exhibit 96 ( In–Library eBook Lending Program Launched), # 113 Exhibit 97 (INTARC00405779), # 114 Exhibit 98 (INTARC00165237), # 115 Exhibit 99 (INTARC00407188), # 116 Exhibit 100 (Wasted_ A case study for CDL), # 117 Exhibit 101 (PLAINTIFFS0000857), # 118 Exhibit 102 (Open Libraries – Join), # 119 Exhibit 103 (INTARC00439657), # 120 Exhibit 104 (INTARC00416930), # 121 Exhibit 105 (INTARC00426084), # 122 Exhibit 106 (INTARC00421687), # 123 Exhibit 107 (INTARC00141826), # 124 Exhibit 108 (INTARC00141472), # 125 Exhibit 109 (INTARC00142194), # 126 Exhibit 110 (INTARC00418710), # 127 Exhibit 111a (INTARC00417976), # 128 Exhibit 111b (INTARC00417978), # 129 Exhibit 112 (INTARC00418249), # 130 Exhibit 113 (Implementation & Integration), # 131 Exhibit 114 (IA's Resps to Pltfs 2d Set of Rogs), # 132 Exhibit 115 (INTARC00142801), # 133 Exhibit 116 (INTARC00141514), # 134 Exhibit 117 (Dartmouth CL.), # 135 Exhibit 118 (library links), # 136 Exhibit 119 (Orphan Works And Mass Digitization), # 137 Exhibit 120 (Judiciary hearing trnscrpt), # 138 Exhibit 121 (Bailey deposition excerpts), # 139 Exhibit 122 (Michelle Wu Hero Award), # 140 Exhibit 123 (White Paper on CDL), # 141 Exhibit 124 (INTARC466850), # 142 Exhibit 125 (INTARC466829), # 143 Exhibit 126 (WU00003022), # 144 Exhibit 127 (INTARC00415490), # 145 Exhibit 128 (INTARC466748), # 146 Exhibit 129 (INTARC00412869), # 147 Exhibit 130 (Lila Bailey wins IP3 Award), # 148 Exhibit 131 (INTARC00474640), # 149 Exhibit 131 (INTARC00474640), # 150 Exhibit 132 ( INTARC465698), # 151 Exhibit 133 (INTARC00458735), # 152 Exhibit 134 (AAP Publishers statement), # 153 Exhibit

|  |  | 135 (Authors Guild statement on CDL), # 154 Exhibit 136 ( INTARC00420085), # 155 Exhibit 137 (IA Redigi Amicus), # 156 Exhibit 138 ( Band – ARL Policy Notes), # 157 Exhibit 139 (Why we released the NEL), # 158 Exhibit 140 (Signatories to CDL position statement), # 159 Exhibit 141 (INTARC00415834), # 160 Exhibit 142 (INTARC465732), # 161 Exhibit 143 (INTARC00418249), # 162 Exhibit 144 (INTARC00420223), # 163 Exhibit 145 (INTARC00141736), # 164 Exhibit 146 (Mythbusting CDL), # 165 Exhibit 147 (INTARC00463054), # 166 Exhibit 148 (INTARC00423818), # 167 Exhibit 150 (How IA and CDL can help course reserve), # 168 Exhibit 151 (INTARC00445585), # 169 Exhibit 152 (INTARC00420192), # 170 Exhibit 153 (INTARC00142679), # 171 Exhibit 154 (INTARC00151748), # 172 Exhibit 155 (INTARC00395593), # 173 Exhibit 156 (INTARC00374675), # 174 Exhibit 157 (Karpeles deposition excerpts), # 175 Exhibit 158 (IA ebooks by publication year), # 176 Exhibit 159 (IA Pre–motion letter), # 177 Exhibit 160 (Overdrive holds), # 178 Exhibit 161 (Mens Health article), # 179 Exhibit 162 (INTARC467709), # 180 Exhibit 163 (Detroit and Austin – Ovedrive), # 181 Exhibit 164 (Open Library Design Ecosystem), # 182 Exhibit 165 (Smith deposition excerpts), # 183 Exhibit 166 (Use and Pub. Cost of Pub. Lib. Mtrls), # 184 Exhibit 167 (Rural Libraries), # 185 Exhibit 168 (Announcing NEL), # 186 Exhibit 169 (Open library – member stats), # 187 Exhibit 170 (OL stats – ebooks borrowed), # 188 Exhibit 171 (INTARC00462951), # 189 Exhibit 172 (Sen–Udall–Response–NEL), # 190 Exhibit 173 (INTARC00436106), # 191 Exhibit 174 (INTARC00437003), # 192 Exhibit 175 (INTARC00400154), # 193 Exhibit 176 (PRH0029336), # 194 Exhibit 177 (INTARC00399901), # 195 Exhibit 178 (Advisory Board to the Authors Alliance), # 196 Exhibit 179 (INTARC00462974), # 197 Exhibit 180 (NEL, who needs it), # 198 Exhibit 181 (Temp NEL to close), # 199 Exhibit 182 (INTARC00448939), # 200 Exhibit 183 (PRH0070363), # 201 Exhibit 184 (HathiTrust Emergency Temporary Access Service), # 202 Exhibit 185 (Google Search)).(McNamara, Elizabeth) (Entered: 07/07/2022) |
| 07/07/2022 | 97 | MOTION for Summary Judgment . Document filed by Internet Archive. Responses due by 9/2/2022.(Gratz, Joseph) (Entered: 07/07/2022) |
| 07/07/2022 | 98 | RULE 56.1 STATEMENT. Document filed by Internet Archive..(Gratz, Joseph) (Entered: 07/07/2022) |
| 07/07/2022 | 99 | MEMORANDUM OF LAW in Support re: 87 MOTION for Summary Judgment *against Internet Archive with respect to the causes of action set forth in the Complaint.* . Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC..(McNamara, Elizabeth) (Entered: 07/07/2022) |
| 07/07/2022 | 100 | DECLARATION of Joseph C. Gratz in Support re: 97 MOTION for Summary Judgment .. Document filed by Internet Archive. (Attachments: # 1 Exhibit A – Stipulation of Undisputed Facts, # 2 Exhibit B – Stipulation of Undisputed Facts, # 3 Exhibit C – REDACTED IN ITS ENTIRETY, # 4 Exhibit D – REDACTED IN ITS ENTIRETY, # 5 Exhibit E – REDACTED IN ITS ENTIRETY, # 6 Exhibit F – REDACTED IN ITS ENTIRETY, # 7 Exhibit G – IFLA Position on Controlled Digital Lending, # 8 Exhibit H – Public Libraries Survey of COVID Responses, # 9 Exhibit I – School Closures Map, # 10 Exhibit J – Excerpts, Silverman Deposition Transcript, # 11 Exhibit K – New Yorker article re NEL, # 12 Exhibit L – Public Libraries Survey, # 13 Exhibit M – Availability of The Lion, the witch, and the wardrobe, # 14 Exhibit N – Excerpts, Dye Deposition Transcript, # 15 Exhibit O – PW article ranking largest publishers, # 16 Exhibit P – Excerpts, Bertelsmann 2018 Annual Report, # 17 Exhibit Q – Excerpts, Bertelsmann 2019 Annual Report, # 18 Exhibit R – Excerpts, Bertelsmann 2021 Annual Report, # 19 Exhibit S – Excerpts, Wiley 2020 10–K, # 20 Exhibit T – Excerpts, Wiley 2021 10–K, # 21 Exhibit U – Excerpts, 2019 News Corp. Annual Report, # 22 Exhibit V – Excerpts, 2021 News Corp. Annual Report, # 23 Exhibit W – Excerpts, Lagardere 2018 Registration Documents, # 24 Exhibit X – Excerpts, Lagardere 2020 Registration Documents, # 25 Exhibit Y – Excerpts, Lagardere 2021 Registration Documents, # 26 Exhibit Z – PW article, A Year for the Record Book in Publishing, # 27 Exhibit AA – PW article, Americas Biggest Publishers Keep Posting Profits, # 28 Exhibit BB – NYT article, Surprise Ending for Publishers, # 29 Exhibit CC – Excerpts, Marwell Deposition Transcripts, # 30 Exhibit DD – REDACTED IN ITS ENTIRETY, # 31 Exhibit EE – Excerpts, Prince Deposition Transcripts, # 32 Exhibit FF – Excerpts, Lazarus Deposition |

| | | |
|---|---|---|
| | | Transcripts, # 33 Exhibit GG – Excerpts, Restivo–Alessi Deposition Transcript, # 34 Exhibit HH – Excerpts, Restivo–Alessi Deposition Transcript Excerpts, Pavese Deposition, # 35 Exhibit II – H.R. Report 94–1476, Copyright Law Revision, # 36 Exhibit JJ – REDACTED IN ITS ENTIRETY, # 37 Exhibit KK – REDACTED IN ITS ENTIRETY, # 38 Exhibit LL – REDACTED IN ITS ENTIRETY, # 39 Exhibit MM – REDACTED IN ITS ENTIRETY, # 40 Exhibit NN – REDACTED IN ITS ENTIRETY).(Gratz, Joseph) (Entered: 07/07/2022) |
| 07/07/2022 | 101 | DECLARATION of Lauren Sherman in Support re: 97 MOTION for Summary Judgment .. Document filed by Internet Archive..(Gratz, Joseph) (Entered: 07/07/2022) |
| 07/07/2022 | 102 | DECLARATION of Ben Saracco in Support re: 97 MOTION for Summary Judgment .. Document filed by Internet Archive..(Gratz, Joseph) (Entered: 07/07/2022) |
| 07/07/2022 | 103 | DECLARATION of Laura Gibbs in Support re: 97 MOTION for Summary Judgment .. Document filed by Internet Archive..(Gratz, Joseph) (Entered: 07/07/2022) |
| 07/07/2022 | 104 | DECLARATION of Daniel Smith in Support re: 97 MOTION for Summary Judgment .. Document filed by Internet Archive..(Gratz, Joseph) (Entered: 07/07/2022) |
| 07/07/2022 | 105 | DECLARATION of Brewster Kahle in Support re: 97 MOTION for Summary Judgment .. Document filed by Internet Archive. (Attachments: # 1 Exhibit 1 – Notification of Grant Award, # 2 Exhibit 2 – Webpage Recording Grant Award, # 3 Exhibit 3 – In–Library eBook Lending Program Launched – IA Blog, # 4 Exhibit 4 – COSLA Endorsement of IA, # 5 Exhibit 5 – White Paper on Controlled Digital Lending of Library Books, # 6 Exhibit 6 – Position Statement on CDL, # 7 Exhibit 7 – Signatories to Position Statement on CDL, # 8 Exhibit 8 – Weaving Books into the WebStarting with Wikipedia – IA Blog, # 9 Exhibit 9 – Wikipedia Links to IA CDL Books, # 10 Exhibit 10 – Books related to Japanese American Internment – IA Blog, # 11 Exhibit 11 – Books banned by schools available on IA – IA Blog, # 12 Exhibit 12 – Announcing a National Emergency Library, # 13 Exhibit 13 – Public Statement Supporting Waitlist Suspension at IA, # 14 Exhibit 14 – Teachers & the NEL, # 15 Exhibit 15 – Impacts of the temporary NEL – IA Blog, # 16 Exhibit 16 – More Impacts of the National Emergency Library – IA Blog, # 17 Exhibit 17 – Even More Impacts of the NEL – IA Blog).(Gratz, Joseph) (Entered: 07/07/2022) |
| 07/07/2022 | 106 | MEMORANDUM OF LAW in Support re: 97 MOTION for Summary Judgment . . Document filed by Internet Archive..(Gratz, Joseph) (Entered: 07/07/2022) |
| 07/07/2022 | 107 | RULE 56.1 STATEMENT. Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC..(McNamara, Elizabeth) (Entered: 07/07/2022) |
| 07/07/2022 | 108 | DECLARATION of Rasmus Jrgensen in Support re: 97 MOTION for Summary Judgment .. Document filed by Internet Archive. (Attachments: # 1 Exhibit 1 – Excerpts, Jorgensen Expert Rpt., # 2 Exhibit 2 – Excerpts, Jorgensen Expert Rpt.).(Gratz, Joseph) (Entered: 07/07/2022) |
| 07/07/2022 | 109 | DECLARATION of Imke Reimers in Support re: 97 MOTION for Summary Judgment .. Document filed by Internet Archive. (Attachments: # 1 Exhibit 1 – Excerpts, Reimers Expert Rpt., # 2 Exhibit 2 – Excerpts, Reimers Rebuttal Expert Rpt.).(Gratz, Joseph) (Entered: 07/07/2022) |
| 07/07/2022 | 110 | DECLARATION of Susan H. Hildreth in Support re: 97 MOTION for Summary Judgment .. Document filed by Internet Archive. (Attachments: # 1 Exhibit 1 – Excerpts, Hildreth Expert Rpt., # 2 Exhibit 2 – Excerpts, Hildreth Expert Rpt.).(Gratz, Joseph) (Entered: 07/07/2022) |
| 07/08/2022 | 111 | LETTER MOTION for Oral Argument *re: Defendant Internet's Motion for Summary Judgment* addressed to Judge John G. Koeltl from Joseph C. Gratz dated 7/7/2022. Document filed by Internet Archive..(Gratz, Joseph) (Entered: 07/08/2022) |
| 07/08/2022 | 112 | LETTER MOTION to Seal *the filing at ECF No. 107,* addressed to Judge John G. Koeltl from Elizabeth A. McNamara dated July 8, 2022. Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC..(McNamara, Elizabeth) (Entered: 07/08/2022) |

| | | |
|---|---|---|
| 07/08/2022 | 113 | RULE 56.1 STATEMENT. Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC..(McNamara, Elizabeth) (Entered: 07/08/2022) |
| 07/11/2022 | 114 | ORDER granting 112 Letter Motion to Seal. APPLICATION GRANTED SO ORDERED. (Signed by Judge John G. Koeltl on 7/8/2022) (ate) (Entered: 07/11/2022) |
| 07/11/2022 | 115 | SEALED DOCUMENT placed in vault. (nmo) (Entered: 07/11/2022) |
| 07/13/2022 | 116 | NOTICE OF APPEARANCE by Yuliya Ziskina on behalf of Library Futures Institute, EveryLibrary Institute, and ReadersFirst..(Ziskina, Yuliya) (Entered: 07/13/2022) |
| 07/14/2022 | 117 | SEALED DOCUMENT placed in vault..(jus) (Entered: 07/14/2022) |
| 07/14/2022 | 118 | NOTICE OF APPEARANCE by Rebecca Tushnet on behalf of AMICI CURIAE INTELLECTUAL PROPERTY LAW PROFESSORS..(Tushnet, Rebecca) (Entered: 07/14/2022) |
| 07/14/2022 | 119 | LETTER MOTION to File Amicus Brief *by Michelle M. Wu* addressed to Judge John G. Koeltl from Max Rodriguez dated July 14, 2022. Document filed by Michelle M Wu. (Attachments: # 1 Supplement Proposed Amicus Brief of Michelle M. Wu, # 2 Exhibit A (Michelle M. Wu Curriculum Vitae))..(Rodriguez, Max) (Entered: 07/14/2022) |
| 07/14/2022 | 120 | MOTION to File Amicus Brief . Document filed by AMICI CURIAE INTELLECTUAL PROPERTY LAW PROFESSORS. (Attachments: # 1 Exhibit Proposed amicus brief, # 2 Text of Proposed Order Proposed order allowing amicus brief, # 3 Exhibit Notice of motion for leave to file amicus)..(Tushnet, Rebecca) (Entered: 07/14/2022) |
| 07/14/2022 | 121 | NOTICE OF APPEARANCE by Jason Michael Schultz on behalf of Copyright Scholars..(Schultz, Jason) (Entered: 07/14/2022) |
| 07/14/2022 | 122 | MOTION to File Amicus Brief . Document filed by Library Futures Institute, EveryLibrary Institute, and ReadersFirst. (Attachments: # 1 Exhibit Proposed Amicus Brief, # 2 Text of Proposed Order Proposed order allowing amicus brief, # 3 Exhibit Notice of motion for leave to file amicus)..(Ziskina, Yuliya) (Entered: 07/14/2022) |
| 07/14/2022 | 123 | NOTICE OF APPEARANCE by Rachel Brooke Leswing on behalf of Authors Alliance..(Leswing, Rachel) (Entered: 07/14/2022) |
| 07/14/2022 | 124 | MOTION for RACHEL BROOKE LESWING to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–26416675. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Authors Alliance. (Attachments: # 1 Affidavit Affidavit in Support of Admission Pro Hac Vice, # 2 Exhibit California Certificate of Good Standing, # 3 Text of Proposed Order Proposed Order for Pro Hac Vice Admission)..(Leswing, Rachel) (Entered: 07/14/2022) |
| 07/14/2022 | 125 | MOTION to File Amicus Brief . Document filed by Authors Alliance. (Attachments: # 1 Exhibit Proposed Amicus Brief, # 2 Exhibit Exhibit A to Proposed Amicus Brief)..(Leswing, Rachel) (Entered: 07/14/2022) |
| 07/14/2022 | 126 | NOTICE of Notice of Motion for Leave to File Amicus. Document filed by Copyright Scholars. (Attachments: # 1 Exhibit DECLARATION OF JASON M. SCHULTZ IN SUPPORT OF MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF)..(Schultz, Jason) (Entered: 07/14/2022) |
| 07/14/2022 | 127 | NOTICE OF APPEARANCE by Christopher Theodore Bavitz on behalf of Kenneth D. Crews, Kevin L. Smith..(Bavitz, Christopher) (Entered: 07/14/2022) |
| 07/14/2022 | 128 | **FILING ERROR – DEFICIENT DOCKET ENTRY – (SEE DOCUMENT#130)** MOTION to File Amicus Brief . Document filed by Kenneth D. Crews, Kevin L. Smith. (Attachments: # 1 Supplement Notice of Motion for Leave to File Amicus Brief, # 2 Appendix Amicus Brief of Kenneth D. Crews and Kevin L. Smith in Support of Defendant Internet Archives Motion for Summary Judgment and in Opposition to Plaintiffs Cross–Motion for Summary Judgment)..(Bavitz, Christopher) Modified on 7/15/2022 (lb). (Entered: 07/14/2022) |

| | | |
|---|---|---|
| 07/14/2022 | <u>129</u> | FIRST MOTION to File Amicus Brief *in Support of Defendants' Motion for Summary Judgment*. Document filed by Copyright Scholars. (Attachments: # <u>1</u> Exhibit Amici Curiae Brief of 17 Copyright Scholars in Support of Defendants' Motion for Summary Judgment).(Schultz, Jason) (Entered: 07/14/2022) |
| 07/15/2022 | <u>130</u> | MOTION to File Amicus Brief . Document filed by Kenneth D. Crews, Kevin L. Smith. (Attachments: # <u>1</u> Supplement Notice of Motion for Leave to File Amicus Brief, # <u>2</u> Appendix Amicus Brief of Kenneth D. Crews and Kevin L. Smith in Support of Defendant Internet Archive Motion for Summary Judgment and in Opposition to Plaintiffs Cross−Motion for Summary Judgment w/Corrected Certificate of Compliance).(Bavitz, Christopher) (Entered: 07/15/2022) |
| 07/15/2022 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. <u>124</u> MOTION for RACHEL BROOKE LESWING to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC−26416675. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (sgz)** (Entered: 07/15/2022) |
| 07/15/2022 | <u>131</u> | MEMO ENDORSEMENT on MOTION TO LEAVE TO FILE AMICUS CURIAE IN SUPPORT OF INTERNET ARCHIVE: granting <u>125</u> Motion to File Amicus Brief. ENDORSEMENT: Application Granted. SO ORDERED (Signed by Judge John G. Koeltl on 7/15/2022) (ama) (Entered: 07/15/2022) |
| 07/15/2022 | <u>132</u> | ORDER: granting <u>119</u> Letter Motion to File Amicus Brief. Application Granted. SO ORDERED. (Signed by Judge John G. Koeltl on 7/15/2022) (ama) (Entered: 07/15/2022) |
| 07/15/2022 | <u>133</u> | MEMO ENDORSEMENT on MOTION FOR LEAVE TO FILE AMICI CURIAE BRIEF OF 17 COPYRIGHT SCHOLARS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT: granting <u>129</u> Motion to File Amicus Brief. ENDORSEMENT: Application Granted. SO ORDERED. (Signed by Judge John G. Koeltl on 7/15/2022) (ama) (Entered: 07/15/2022) |
| 07/15/2022 | <u>134</u> | MEMO ENDORSEMENT on MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF AND MEMORANDUM OF LAW IN SUPPORT THEREOF: granting <u>120</u> Motion to File Amicus Brief. ENDORSEMENT: Application Granted. SO ORDERED. (Signed by Judge John G. Koeltl on 7/15/2022) (ama) (Entered: 07/15/2022) |
| 07/15/2022 | <u>135</u> | MEMO ENDORSEMENT on MOTION FOR LEAVE TO FILE AMICI CURIAE BRIEF IN SUPPORT OF THE INTERNET ARCHIVE: granting <u>122</u> Motion to File Amicus Brief. ENDORSEMENT: Application Granted. SO ORDERED. (Signed by Judge John G. Koeltl on 7/15/2022) (ama) (Entered: 07/15/2022) |
| 07/15/2022 | <u>136</u> | MEMO ENDORSEMENT on MOTION FOR LEAVE TO FILE AMICUS BRIEF OF KENNETH D. CREWS AND KEVIN L. SMITH IN SUPPORT OF DEFENDANT INTERNET ARCHIVE'S MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFFS' CROSS−MOTION FOR SUMMARY JUDGMENT: granting <u>130</u> Motion to File Amicus Brief. ENDORSEMENT: Application Granted. SO ORDERED (Signed by Judge John G. Koeltl on 7/15/2022) (ama) (Entered: 07/15/2022) |
| 07/15/2022 | <u>137</u> | RESPONSE in Opposition to Motion re: <u>122</u> MOTION to File Amicus Brief ., <u>119</u> LETTER MOTION to File Amicus Brief *by Michelle M. Wu* addressed to Judge John G. Koeltl from Max Rodriguez dated July 14, 2022., <u>129</u> FIRST MOTION to File Amicus Brief *in Support of Defendants' Motion for Summary Judgment*., <u>125</u> MOTION to File Amicus Brief . . Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC..(McNamara, Elizabeth) (Entered: 07/15/2022) |
| 07/15/2022 | <u>138</u> | RESPONSE in Opposition to Motion re: <u>122</u> MOTION to File Amicus Brief ., <u>119</u> LETTER MOTION to File Amicus Brief *by Michelle M. Wu* addressed to Judge John G. Koeltl from Max Rodriguez dated July 14, 2022., <u>129</u> FIRST MOTION to File Amicus Brief *in Support of Defendants' Motion for Summary Judgment*., <u>125</u> MOTION to File Amicus Brief . *(Unredacted)*. Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC..(McNamara, Elizabeth) (Entered: 07/15/2022) |

| 07/15/2022 | 139 | DECLARATION of Elizabeth A. McNamara in Opposition re: 122 MOTION to File Amicus Brief ., 119 LETTER MOTION to File Amicus Brief *by Michelle M. Wu* addressed to Judge John G. Koeltl from Max Rodriguez dated July 14, 2022., 129 FIRST MOTION to File Amicus Brief *in Support of Defendants' Motion for Summary Judgment.*, 125 MOTION to File Amicus Brief .. Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC. (Attachments: # 1 Exhibit 1 (REDACTED), # 2 Exhibit 2 (INTARC00454127_VOL0009), # 3 Exhibit 3 (Bailey Excerpts), # 4 Exhibit 4 (INTARC00395813_VOL0009)).(McNamara, Elizabeth) (Entered: 07/15/2022) |
|---|---|---|
| 07/18/2022 | 140 | ORDER FOR ADMISSION PRO HAC VICE granting 124 Motion for Rachel Brooke Leswing to Appear Pro Hac Vice. Applicant having requested admission Pro Hac Vice to appear for all purposes as counsel for amicus curiae Authors Alliance, Inc. in the above captioned action; IT IS HEREBY ORDERED that Applicant is admitted to practice Pro Hac Vice in the above−captioned case in the United States District Court for the Southern District of New York. All attorneys appearing before this Court are subject to the Local Rules of this Court, including the Rules governing the discipline of attorneys. (Signed by Judge John G. Koeltl on 7/15/2022) (mml) (Entered: 07/18/2022) |
| 07/19/2022 | 141 | BRIEF re: 133 Order on Motion to File Amicus Brief, *in Support of Defendants' Motion for Summary Judgment*. Document filed by Copyright Scholars..(Schultz, Jason) (Entered: 07/19/2022) |
| 07/19/2022 | 142 | BRIEF re: 135 Order on Motion to File Amicus Brief *in Support of Defendant's Motion for Summary Judgment*. Document filed by Library Futures Institute, EveryLibrary Institute, and ReadersFirst..(Ziskina, Yuliya) (Entered: 07/19/2022) |
| 07/19/2022 | 143 | BRIEF re: 134 Order on Motion to File Amicus Brief, . Document filed by AMICI CURIAE INTELLECTUAL PROPERTY LAW PROFESSORS..(Tushnet, Rebecca) (Entered: 07/19/2022) |
| 07/19/2022 | 144 | BRIEF re: 125 MOTION to File Amicus Brief . . Document filed by Authors Alliance. (Attachments: # 1 Exhibit Exhibit to Amicus Brief).(Leswing, Rachel) (Entered: 07/19/2022) |
| 07/20/2022 | 145 | BRIEF re: 136 Order on Motion to File Amicus Brief, . Document filed by Kenneth D. Crews, Kevin L. Smith..(Bavitz, Christopher) (Entered: 07/20/2022) |
| 07/20/2022 | 146 | BRIEF re: 132 Order on Motion to File Amicus Brief *by Michelle M. Wu as Amicus Curiae*. Document filed by Michelle M Wu..(Rodriguez, Max) (Entered: 07/20/2022) |
| 08/05/2022 | 147 | THIRD PARTY MOTION to File Amicus Brief *of Professors and Scholars of Copyright Law*. Document filed by Professors and Scholars of Copyright Law. (Attachments: # 1 Appendix Notice of motion, # 2 Appendix Proposed amicus brief).(Charlesworth, Jacqueline) (Entered: 08/05/2022) |
| 08/08/2022 | 148 | MOTION for Theodore M. Shapiro to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC−26516190. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by International Rightholders. Return Date set for 8/8/2022 at 05:00 PM. (Attachments: # 1 Affidavit Affidavit of TM Shapiro, # 2 Exhibit Certificate of Good Standing, # 3 Text of Proposed Order Proposed PHV Order).(Shapiro, Theodore) (Entered: 08/08/2022) |
| 08/08/2022 | 149 | MEMO ENDORSEMENT granting 147 Motion to File Amicus Brief ENDORSEMENT: Motion for leave to file Amici Curiae Brief is granted. SO ORDERED. (Signed by Judge John G. Koeltl on 8/8/2022) (ks) (Entered: 08/08/2022) |
| 08/09/2022 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 148 MOTION for Theodore M. Shapiro to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC−26516190. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (sgz)** (Entered: 08/09/2022) |
| 08/09/2022 | 150 | NOTICE OF APPEARANCE by Matthew Aaron Leish on behalf of International Rightholders..(Leish, Matthew) (Entered: 08/09/2022) |

| 08/09/2022 | 151 | MOTION to File Amicus Brief . Document filed by International Rightholders. (Attachments: # 1 Exhibit Notice of Motion, # 2 Exhibit Proposed Amicus Brief).(Leish, Matthew) (Entered: 08/09/2022) |
|---|---|---|
| 08/10/2022 | 152 | ORDER FOR ADMISSION PRO HAC VICE granting 148 Motion for Theodore M. Shapiro to Appear Pro Hac Vice. (Signed by Judge John G. Koeltl on 8/9/2022) (ks) (Entered: 08/10/2022) |
| 08/10/2022 | 153 | MOTION FOR LEAVE TO FILE AMICI CURIAE BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT: granting 151 Letter Motion to File Amicus Brief. Request to file Amici Curiae Brief is Granted. SO ORDERED. (Signed by Judge John G. Koeltl on 8/10/2022) (ama) Modified on 8/10/2022 (ama). (Entered: 08/10/2022) |
| 08/11/2022 | 154 | BRIEF re: 153 Order on Motion to File Amicus Brief, . Document filed by International Rightholders..(Leish, Matthew) (Entered: 08/11/2022) |
| 08/12/2022 | 155 | NOTICE OF APPEARANCE by Nancy Evelyn Wolff on behalf of Copyright Alliance..(Wolff, Nancy) (Entered: 08/12/2022) |
| 08/12/2022 | 156 | NOTICE OF APPEARANCE by Alexander Gigante on behalf of Copyright Alliance..(Gigante, Alexander) (Entered: 08/12/2022) |
| 08/12/2022 | 157 | NOTICE OF APPEARANCE by Elizabeth Safran, I on behalf of Copyright Alliance..(Safran, Elizabeth) (Entered: 08/12/2022) |
| 08/12/2022 | 158 | MOTION for Leave to File Amicus Brief . Document filed by Copyright Alliance. (Attachments: # 1 Exhibit Notice of Motion, # 2 Exhibit Proposed Copyright Alliance Amicus Brief, # 3 Text of Proposed Order Proposed Order).(Wolff, Nancy) (Entered: 08/12/2022) |
| 08/12/2022 | 159 | CONSENT MOTION to File Amicus Brief *in Support of Plaintiffs' Motion for Summary Judgment*. Document filed by The Authors Guild, Inc., Western Writers of America, Canadian Authors Association, American Photographic Artists, The Writers Union of Canada, International Authors Forum, American Society of Media Photographers, Romance Writers of America, Society of Childrens Book Writers and Illustrators, European Writers Council, National Writers Union, Graphic Artists Guild, American Society for Collective Rights Licensing, Society of Authors, Sisters in Crime, International Federation of Journalists, Dramatists Guild of America, National Press Photographers Association, Novelists Inc., Association of Authors Agents, The American Society of Journalists and Authors, The Union des crivaines et des crivains Qubcois, and European Visual Artists..(Clarida, Robert) (Entered: 08/12/2022) |
| 08/12/2022 | 160 | MEMORANDUM OF LAW in Support re: 159 CONSENT MOTION to File Amicus Brief *in Support of Plaintiffs' Motion for Summary Judgment*. . Document filed by The Authors Guild, Inc., Western Writers of America, Canadian Authors Association, American Photographic Artists, The Writers Union of Canada, International Authors Forum, American Society of Media Ph. (Attachments: # 1 Exhibit A – Memorandum of Law of Amici Curiae).(Clarida, Robert) (Entered: 08/12/2022) |
| 08/15/2022 | 161 | MEMO ENDORSEMENT granting 158 Letter Motion for Leave to File Document. ENDORSEMENT: Application to file amicus brief granted. SO ORDERED. (Signed by Judge John G. Koeltl on 8/13/2022) (ks) (Entered: 08/15/2022) |
| 08/15/2022 | 162 | BRIEF re: 161 Order on Motion for Leave to File Document *Copyright Alliance Amicus brief*. Document filed by Copyright Alliance..(Wolff, Nancy) (Entered: 08/15/2022) |
| 08/15/2022 | 163 | BRIEF re: 149 Order on Motion to File Amicus Brief . Document filed by Professors and Scholars of Copyright Law..(Charlesworth, Jacqueline) (Entered: 08/15/2022) |
| 08/16/2022 | 164 | MEMO ENDORSEMENT granting 159 Motion to File Amicus Brief ENDORSEMENT: Application to file amicus granted. SO ORDERED.. (Signed by Judge John G. Koeltl on 8/16/2022) (ks) (Entered: 08/16/2022) |
| 08/17/2022 | 165 | BRIEF re: 164 Order on Motion to File Amicus Brief . Document filed by The Authors Guild, Inc., Western Writers of America, Canadian Authors Association, American Photographic Artists, The Writers Union of Canada, International Authors Forum, American Society of Media Ph..(Clarida, Robert) (Entered: 08/17/2022) |

| | | |
|---|---|---|
| 09/02/2022 | 166 | DECLARATION of Elizabeth A. McNamara in Opposition re: 97 MOTION for Summary Judgment .. Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC. (Attachments: # 1 Exhibit 1 (IA Resp to Pltfs 2d ROGs No 21), # 2 Exhibit 2 (Restivo–Alessi dep excerpts), # 3 Exhibit 3 (Weber dep excerpts), # 4 Exhibit 4 (Pavese dep excerpts), # 5 Exhibit 5 (Reimers Depo Ex 4), # 6 Exhibit 6 (Lazarus dep excerpts), # 7 Exhibit 7 (OverDrive data), # 8 Exhibit 8 (discovery letters), # 9 Exhibit 9 (IA priv log), # 10 Exhibit 10 (Bailey dep excerpts), # 11 Exhibit 11 ( IA Launches New Pilot Program), # 12 Exhibit 12 (Cressaty dep excerpts), # 13 Exhibit 13 (The Glass Castle et al), # 14 Exhibit 14 (Palace of Illusions et al), # 15 Exhibit 15 (Saracco dep excerpts), # 16 Exhibit 16 (Sigs to the Position Stmt), # 17 Exhibit 17 (HC0015518 REDACTED)).(McNamara, Elizabeth) (Entered: 09/02/2022) |
| 09/02/2022 | 167 | DECLARATION of Jeffrey T. Prince in Opposition re: 97 MOTION for Summary Judgment .. Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC. (Attachments: # 1 Exhibit 1 (Prince Rprt REDACTED), # 2 Exhibit 2 (Prince dep excerpts REDACTED), # 3 Exhibit 3 (Jorgensen dep excerpts REDACTED), # 4 Exhibit 4 (Reimers dep excerpts), # 5 Exhibit 5 (Hildreth dep excerpts), # 6 Exhibit 6 (Reimers 2016)).(McNamara, Elizabeth) (Entered: 09/02/2022) |
| 09/02/2022 | 168 | COUNTER STATEMENT TO 98 Rule 56.1 Statement. Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC..(McNamara, Elizabeth) (Entered: 09/02/2022) |
| 09/02/2022 | 169 | MEMORANDUM OF LAW in Opposition re: 97 MOTION for Summary Judgment . . Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC..(McNamara, Elizabeth) (Entered: 09/02/2022) |
| 09/02/2022 | 170 | DECLARATION of Joseph C. Gratz in Opposition re: 87 MOTION for Summary Judgment *against Internet Archive with respect to the causes of action set forth in the Complaint.*. Document filed by Internet Archive. (Attachments: # 1 Exhibit 1 – OverDrive Distribution Agreement (UNDER SEAL), # 2 Exhibit 2 – Mills Deposition EXCERPTS, # 3 Exhibit 3 – Patton–Schmitt Deposition EXCERPTS, # 4 Exhibit 4 – Karpeles Deposition EXCERPTS, # 5 Exhibit 5 – Hildreth Deposition EXCERPTS, # 6 Exhibit 6 – Hildreth Deposition Errata, # 7 Exhibit 7 – Judgment, CJEU Copyright Case, # 8 Exhibit 8 – AG Opinion, CJEU Copyright Case).(Gratz, Joseph) (Entered: 09/02/2022) |
| 09/02/2022 | 171 | DECLARATION of Brewster Kahle in Opposition re: 87 MOTION for Summary Judgment *against Internet Archive with respect to the causes of action set forth in the Complaint.*. Document filed by Internet Archive..(Gratz, Joseph) (Entered: 09/02/2022) |
| 09/02/2022 | 172 | COUNTER STATEMENT TO 107 Rule 56.1 Statement. Document filed by Internet Archive..(Gratz, Joseph) (Entered: 09/02/2022) |
| 09/02/2022 | 173 | MEMORANDUM OF LAW in Opposition re: 87 MOTION for Summary Judgment *against Internet Archive with respect to the causes of action set forth in the Complaint*. . Document filed by Internet Archive..(Gratz, Joseph) (Entered: 09/02/2022) |
| 09/09/2022 | 174 | SEALED DOCUMENT placed in vault..(jus) (Entered: 09/09/2022) |
| 10/07/2022 | 175 | REPLY MEMORANDUM OF LAW in Support re: 97 MOTION for Summary Judgment . . Document filed by Internet Archive..(Gratz, Joseph) (Entered: 10/07/2022) |
| 10/07/2022 | 176 | DECLARATION of Joseph C. Gratz in Support re: 97 MOTION for Summary Judgment .. Document filed by Internet Archive. (Attachments: # 1 Exhibit 1 – Excerpts of the transcript of the deposition of Dr. Jeffrey T. Prince, # 2 Exhibit 2 – Excerpts of the transcript of the deposition of Dr. Rasmus Jrgensen).(Gratz, Joseph) (Entered: 10/07/2022) |
| 10/07/2022 | 177 | RULE 56.1 STATEMENT. Document filed by Internet Archive..(Gratz, Joseph) (Entered: 10/07/2022) |

| | | |
|---|---|---|
| 10/07/2022 | 178 | RESPONSE re: 172 Counter Statement to Rule 56.1 . Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC..(McNamara, Elizabeth) (Entered: 10/07/2022) |
| 10/07/2022 | 179 | REPLY MEMORANDUM OF LAW in Support re: 87 MOTION for Summary Judgment *against Internet Archive with respect to the causes of action set forth in the Complaint*. . Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC..(McNamara, Elizabeth) (Entered: 10/07/2022) |
| 10/10/2022 | 180 | ORDER with respect to 87 Motion for Summary Judgment; with respect to 97 Motion for Summary Judgment. The plaintiffs should submit courtesy copies of all papers filed in connection with their motion for summary judgment. See ECF No. 87. Defendant Internet Archive should submit courtesy copies of all papers filed in connection with its motion for summary judgment. See ECF No. 97. SO ORDERED. (Signed by Judge John G. Koeltl on 10/10/2022) (va) (Entered: 10/11/2022) |
| 10/14/2022 | 181 | SEALED DOCUMENT placed in vault..(jus) (Entered: 10/14/2022) |
| 01/30/2023 | 182 | NOTICE OF CHANGE OF ADDRESS by Joseph C. Gratz on behalf of Internet Archive. New Address: Morrison & Forester LLP, 425 Market Street, San Francisco, California, USA 94105, 415−268−7000..(Gratz, Joseph) (Entered: 01/30/2023) |
| 01/30/2023 | 183 | NOTICE OF CHANGE OF ADDRESS by Jessica Elaine Lanier on behalf of Internet Archive. New Address: Morrison & Forester LLP, 425 Market Street, San Francisco, California, USA 94105, 415−268−7000..(Lanier, Jessica) (Entered: 01/30/2023) |
| 01/30/2023 | 184 | NOTICE OF CHANGE OF ADDRESS by Annie Lee on behalf of Internet Archive. New Address: Morrison & Forester LLP, 425 Market Street, San Francisco, California, USA 94105, 415−268−7000..(Lee, Annie) (Entered: 01/30/2023) |
| 01/30/2023 | 185 | NOTICE OF CHANGE OF ADDRESS by Aditya Kamdar on behalf of Internet Archive. New Address: Morrison & Forester LLP, 2100 L Street NW, Suite 900, Washington, DC, USA 20037, 202−887−1500..(Kamdar, Aditya) (Entered: 01/30/2023) |
| 01/31/2023 | 186 | NOTICE OF APPEARANCE by Aditya Kamdar on behalf of Internet Archive..(Kamdar, Aditya) (Entered: 01/31/2023) |
| 02/17/2023 | 187 | ORDER granting 88 Letter Motion for Oral Argument; granting 111 Letter Motion for Oral Argument. The parties are directed to appear by phone for oral argument on Monday, March 20, 2023, at 1 p.m. in connection with the motions for summary judgment. Dial−in: 888−363−4749, with access code 8140049. The Clerk is respectfully directed to close ECF Nos. 88 and 111. SO ORDERED. (Signed by Judge John G. Koeltl on 2/17/23) (yv) (Entered: 02/21/2023) |
| 02/17/2023 | | Set/Reset Hearings: Telephone Conference set for 3/20/2023 at 01:00 PM before Judge John G. Koeltl. (yv) (Entered: 02/21/2023) |
| 03/20/2023 | | Minute Entry for proceedings held before Judge John G. Koeltl: Oral Argument held on 3/20/2023 re: 87 MOTION for Summary Judgment against Internet Archive with respect to the causes of action set forth in the Complaint. Filed by John Wiley & Sons, Inc., Penguin Random House LLC, HarperCollins Publishers LLC, Hachette Book Group, Inc.. (Fletcher, Donnie) (Entered: 04/07/2023) |
| 03/24/2023 | 188 | OPINION & ORDER re: 97 MOTION for Summary Judgment . filed by Internet Archive, 87 MOTION for Summary Judgment *against Internet Archive with respect to the causes of action set forth in the Complaint*. filed by John Wiley & Sons, Inc., Penguin Random House LLC, HarperCollins Publishers LLC, Hachette Book Group, Inc.. The Court has considered all of the parties' arguments. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing reasons, the plaintiffs' motion for summary judgment is granted and the defendants' motion for summary judgment is denied. The parties should submit their respective proposals (or preferably a joint proposal) for the appropriate procedure to determine the judgment to be entered in this case. The submission or submissions should be made within fourteen (14) days of the date of this Opinion and Order. The Clerk is respectfully directed to close all pending motions. SO ORDERED. (Signed by Judge John G. Koeltl on 3/24/2023) (ks) (Entered: 03/24/2023) |

| | | |
|---|---|---|
| 03/28/2023 | 189 | TRANSCRIPT of Proceedings re: HEARING held on 3/20/2023 before Judge John G. Koeltl. Court Reporter/Transcriber: Pamela Utter, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/18/2023. Redacted Transcript Deadline set for 4/28/2023. Release of Transcript Restriction set for 6/26/2023..(McGuirk, Kelly) (Entered: 03/28/2023) |
| 03/28/2023 | 190 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a HEARING proceeding held on 3/20/2023 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(McGuirk, Kelly) (Entered: 03/28/2023) |
| 04/05/2023 | 191 | JOINT LETTER MOTION for Extension of Time *of deadline set in the March 24, 2023 order (ECF No. 188)* addressed to Judge John G. Koeltl from Elizabeth A. McNamara dated 4/5/2023. Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC..(McNamara, Elizabeth) (Entered: 04/05/2023) |
| 04/07/2023 | 192 | ORDER granting 191 Letter Motion for Extension of Time. APPLICATION GRANTED. SO ORDERED.. (Signed by Judge John G. Koeltl on 4/7/2023) (ks) (Entered: 04/07/2023) |
| 04/13/2023 | 193 | JOINT LETTER MOTION for Extension of Time *to submit a proposal for the appropriate procedure to determine the judgment to be entered in this case,* addressed to Judge John G. Koeltl from Elizabeth A. McNamara dated April 13, 2023. Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC..(McNamara, Elizabeth) (Entered: 04/13/2023) |
| 04/13/2023 | 194 | ORDER granting 193 Letter Motion for Extension of Time. APPLICATION GRANTED. SO ORDERED. (Signed by Judge John G. Koeltl on 4/13/2023) (tg) (Entered: 04/13/2023) |
| 04/18/2023 | 195 | JOINT LETTER MOTION for Extension of Time *to submit a proposal for the appropriate procedure to determine the judgment to be entered in this case,* addressed to Judge John G. Koeltl from Joseph C. Gratz dated 04/18/2023. Document filed by Internet Archive..(Gratz, Joseph) (Entered: 04/18/2023) |
| 04/18/2023 | 196 | ORDER: granting 195 Letter Motion for Extension of Time. Application Granted. SO ORDERED. Motions due by 4/27/2023. (Signed by Judge John G. Koeltl on 4/18/2023) (ama) (Entered: 04/19/2023) |
| 04/26/2023 | 197 | JOINT LETTER MOTION for Extension of Time *to submit a proposal for the appropriate procedure to determine the judgment to be entered in this case,* addressed to Judge John G. Koeltl from Joseph C. Gratz dated April 26, 2023. Document filed by Internet Archive..(Gratz, Joseph) (Entered: 04/26/2023) |
| 04/26/2023 | 198 | ORDER granting 197 Letter Motion for Extension of Time. APPLICATION GRANTED. SO ORDERED. (Signed by Judge John G. Koeltl on 4/26/2023) (ks) (Entered: 04/26/2023) |
| 05/11/2023 | 199 | JOINT LETTER MOTION for Extension of Time *to submit a proposal for the appropriate procedure to determine the judgment to be entered in this case,* addressed to Judge John G. Koeltl from Joseph C. Gratz dated May 11, 2023. Document filed by Internet Archive..(Gratz, Joseph) (Entered: 05/11/2023) |
| 05/11/2023 | 200 | ORDER granting 199 Letter Motion for Extension of Time. APPLICATION GRANTED SO ORDERED. (Signed by Judge John G. Koeltl on 5/11/2023) (jca) (Entered: 05/11/2023) |
| 05/25/2023 | 201 | JOINT LETTER MOTION for Extension of Time *to submit a proposal for the appropriate procedure to determine the judgment to be entered in this case until and including June 9, 2023,* addressed to Judge John G. Koeltl from Elizabeth A. McNamara dated May 25, 2023. Document filed by Hachette Book Group, Inc., |

| | | HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC..(McNamara, Elizabeth) (Entered: 05/25/2023) |
|---|---|---|
| 05/25/2023 | 202 | ORDER granting 201 Letter Motion for Extension of Time. APPLICATION GRANTED. SO ORDERED. (Signed by Judge John G. Koeltl on 5/25/2023) (ks) (Entered: 05/25/2023) |
| 06/08/2023 | 203 | JOINT LETTER MOTION for Extension of Time *to submit a proposal for the appropriate procedure to determine the judgment to be entered in this case until and including June 23, 2023,* addressed to Judge John G. Koeltl from Elizabeth A. McNamara dated June 8, 2023. Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC..(McNamara, Elizabeth) (Entered: 06/08/2023) |
| 06/15/2023 | 204 | ORDER granting 203 Letter Motion for Extension of Time. Application GRANTED. SO ORDERED. (Signed by Judge Katherine Polk Failla on 6/15/2023) (rro) (Entered: 06/15/2023) |
| 06/22/2023 | 205 | JOINT LETTER MOTION for Extension of Time *to submit a proposal for the appropriate procedure to determine the judgment to be entered in this case until and including July 14, 2023,* addressed to Judge John G. Koeltl from Elizabeth McNamara dated 6/22/2023. Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC..(McNamara, Elizabeth) (Entered: 06/22/2023) |
| 06/22/2023 | 206 | ORDER granting 205 Letter Motion for Extension of Time. APPLICATION GRANTED SO ORDERED. (Signed by Judge John G. Koeltl on 6/22/2023) (ate) (Entered: 06/22/2023) |
| 07/06/2023 | 207 | MOTION for Jessica E. Lanier to Withdraw as Attorney . Document filed by Internet Archive. (Attachments: # 1 Text of Proposed Order re Motion to Withdraw as Counsel of Record).(Lanier, Jessica) (Entered: 07/06/2023) |
| 07/06/2023 | 208 | DECLARATION of Jessica E. Lanier in Support re: 207 MOTION for Jessica E. Lanier to Withdraw as Attorney .. Document filed by Internet Archive..(Lanier, Jessica) (Entered: 07/06/2023) |
| 07/07/2023 | 209 | ORDER OF WITHDRAWAL OF JESSICA E. LANIER AS COUNSEL OF RECORD granting 207 MOTION for Jessica E. Lanier to Withdraw as Attorney. ORDERED that Jessica E. Lanier, be withdrawn as counsel of record for Defendant and it is further, ORDERED that the clerk is directed to remove Ms. Lanier from the Court's electronic service list. SO ORDERED. Attorney Jessica Elaine Lanier terminated. (Signed by Judge John G. Koeltl on 7/7/2023) (jca) (Entered: 07/07/2023) |
| 07/13/2023 | 210 | JOINT LETTER MOTION for Extension of Time *To Submit A Proposal For The Appropriate Procedure To Determine The Judgment To Be Entered In This Case Until And Including July 28, 2023,* addressed to Judge John G. Koeltl from Joseph C. Gratz dated July 13, 2023. Document filed by Internet Archive..(Gratz, Joseph) (Entered: 07/13/2023) |
| 07/13/2023 | 211 | ORDER: granting 210 Letter Motion for Extension of Time. Application Granted. SO ORDERED. (Signed by Judge John G. Koeltl on 7/13/2023) (ama) (Entered: 07/13/2023) |
| 07/28/2023 | 212 | JOINT LETTER MOTION for Extension of Time *re: Deadline to submit proposal.* addressed to Judge John G. Koeltl from Elizabeth McNamara dated 7/28/2023. Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, Inc., Penguin Random House LLC..(McNamara, Elizabeth) (Entered: 07/28/2023) |
| 07/28/2023 | 213 | ORDER: granting 212 Letter Motion for Extension of Time. Application Granted. No further extensions. SO ORDERED. (Signed by Judge John G. Koeltl on 7/28/2023) (ama) (Entered: 07/28/2023) |
| 08/11/2023 | 214 | LETTER addressed to Judge John G. Koeltl from Elizabeth A. McNamara and Joseph C. Gratz dated August 11, 2023 re: Joint submission of [Proposed] Consent Judgment and Permanent Injunction Subject to Reservation of Right of Appeal. Document filed by Hachette Book Group, Inc., HarperCollins Publishers LLC, John Wiley & Sons, |

| | | |
|---|---|---|
| | | Inc., Penguin Random House LLC. (Attachments: # 1 Exhibit A – [Proposed] Consent Judgment, # 2 Exhibit B – Plaintiffs' Position, # 3 Exhibit C – Internet Archive's Position).(McNamara, Elizabeth) (Entered: 08/11/2023) |
| 08/11/2023 | 215 | CONSENT JUDGMENT AND PERMANENT INJUNCTION SUBJECT TO RESERVATION OF RIGHT OF APPEAL: NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows: Judgment is entered for Plaintiffs and against Defendant on Plaintiffs' claims against Defendant for copyright infringement under 17 U.S.C. § 501. The Court hereby enters the following permanent injunction (the "Permanent Injunction"): "Covered Book" shall mean any in–copyright book or portion thereof, whether in existence as of the date hereof or later created, in which any Plaintiff (or any subsidiary or corporate affiliate of a Plaintiff) (a) owns or controls an exclusive right under the Copyright Act and makes the title commercially available for sale or license [in any electronic text format]; and (b) has provided notice to the Internet Archive regarding such title by sending the Internet Archive a machine readable catalog in a standardized form identifying such commercially available titles (including any updates thereto in the Plaintiffs' discretion), or other similar form of notification, once 14 days have elapsed since the receipt of such notice. A "Covered Book" includes all in–copyright editions of such title. Pursuant to the Opinion and Order, the Clerk of the Court shall enter judgment for Plaintiffs. The Clerk of the Court is directed to close this case. APPROVED AND ORDERED THIS 11TH day of August, 2023. (Signed by Judge John G. Koeltl on 8/11/2023) (ate) (Entered: 08/14/2023) |
| 08/11/2023 | 216 | ORDER: Accordingly, the Court has narrowly tailored the injunctive relief in this case to cover only copyrighted works, like the Works in Suit, that are available from the Publishers in electronic form. (Signed by Judge John G. Koeltl on 8/11/2023) (ate) (Entered: 08/14/2023) |
| 08/11/2023 | 217 | AO 121 FORM COPYRIGHT – CASE TERMINATED– SUBMITTED. In compliance with the provisions of 17 U.S.C. 508, the Register of Copyrights is hereby advised that a final decision was rendered on 8/11/2023 in a court action filed on the following copyright(s) in the U.S. District Court Southern District of New York. Form e–mailed to Register of Copyrights. (ate) (Entered: 08/14/2023) |
| 09/11/2023 | 218 | **FILING ERROR – NO ORDER SELECTED FOR APPEAL** – NOTICE OF APPEAL. Document filed by Internet Archive. Filing fee $ 505.00, receipt number ANYSDC–28265690. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Gratz, Joseph) Modified on 9/11/2023 (km). (Entered: 09/11/2023) |
| 09/11/2023 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT APPEAL. Notice to attorney Joseph Gratz to RE–FILE Document No. 218 Notice of Appeal.. The filing is deficient for the following reason(s): the order/judgment being appealed was not selected;. Re–file the appeal using the event type Notice of Appeal found under the event list Appeal Documents – attach the correct signed PDF – select the correct named filer/filers – select the correct order/judgment being appealed. (km) (Entered: 09/11/2023) |
| 09/11/2023 | 219 | NOTICE OF APPEAL from 215 Consent Judgment,,,,,, 188 Memorandum & Opinion,,,,,. Document filed by Internet Archive. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Gratz, Joseph) (Entered: 09/11/2023) |
| 09/11/2023 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 219 Notice of Appeal.(km) (Entered: 09/11/2023) |
| 09/11/2023 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 219 Notice of Appeal filed by Internet Archive were transmitted to the U.S. Court of Appeals.(km) (Entered: 09/11/2023) |
| 09/11/2023 | 220 | DECLARATION of Brewster Kahle re: 215 Consent Judgment,,,,,, *Declaration of Compliance*. Document filed by Internet Archive..(Gratz, Joseph) (Entered: 09/11/2023) |